CLARK J. WHITNEY ET AL. v. HIRAM B. ROSE, ISAAC P. PROSSER ET AL.

*Presumption from neglect to testify.*

Where a bill is filed in aid of execution and the question at issue is the good faith of a transfer of the land, and the purchaser is made a party defendant, and evidence is given tending to show that the sale was made with an evident intent to defraud creditors, his neglect to make an affirmative showing to support the sale will warrant a court in giving their full force to any legitimate inferences drawn from the evidence given against it.

Appeal from Kalamazoo. Submitted January 21. Decided February 11.

BILL IN AID OF EXECUTION. Dismissed as to defendant Prosser. Complainants appeal.

*O. W. Powers* and *Geo. M. Buck* for complainants, cited as to the fraudulent nature of the transfer to Prosser, *Pursel v. Armstrong* 37 Mich. 330; *Wright v. Brandis* 1 Ind. 336; *Mills v. Howeth* 19 Tex. 259; *Garahy v. Bayley* 25 Tex. (Supp.) 294; *Green v. Tantum* 19 N. J. Eq. 109; *Atwood v. Impson* 20 id. 150; *Fuller v. Sears* 5 Vt. 530; there is no inflexible rule as to the amount of evidence required to prove a fraudulent transfer, Bump Fr. Con. 583; *Reed v. Noxon* 48 Ill. 323; *Smit v. People* 15 Mich. 497.

*Brown, Howard & Roos* for defendants. Fraud by an execution defendant in transferring his property does not affect the transferee unless the latter is shown to have been concerned in it, Bump Fr. Con. 195; *Miller v. Kirby* 74 Ill. 242; *Hatch v. Jordon* id. 414; *Gridley v. Bingham* 51 Ill. 153; *Green v. Tanner* 8 Met. 411; *Leach v. Francis* 41 Vt. 670; *Fifield v. Gaston* 12 Ia. 218; *Ruhl v. Phillips* 48 N. Y. 125; *Waterbury v. Sturtevant* 18 Wend. 353; *Palmer v. Henderson* 20 Ind. 297; *Hamilton v. Staples* 34 Conn. 316; *Merch. Bank of Newton v. Northrup* 22 N. J.

Eq. 58; *Durkee v. Chambers* 57 Mo. 575; *Byrne v. Becker* 42 Mo. 264; *Preston v. Turner* 36 Ia. 671.

MARSTON, C. J.   This was a bill filed in aid of an execution levied upon certain lands.   In May, 1874, defendant Hiram B. Rose, with Alanson S. DeYoe, executed a note to complainants for a little over two thousand dollars.   The debt to complainants for which this note was given was that of DeYoe.   In December, 1875, a judgment was recovered upon this note, an execution was issued, and a levy made upon certain lands of defendant Rose in March, 1876.   Afterwards the judgment was set aside and a new trial awarded, but the lien obtained under the levy made was permitted or ordered to stand. The case came on for trial, and in February, 1877, a judgment was recovered, an execution issued, and a levy made by virtue thereof on the 26th day of the same month.

Defendant Hiram B. Rose was the owner and in possession of 160 acres of land at the time he signed the note referred to.   On the 26th day of May, 1875, he mortgaged a part of the premises to Horace M. Peck. This mortgage is not now claimed to have been given for any purpose except to have Mr. Peck assist him in settling with complainants, which not having been done, that mortgage plays no farther part in this controversy.

December 27, 1875, Rose conveyed to defendant Prosser forty acres, and about the time the suit was commenced on the note (the particular time does not clearly appear) he conveyed eighty acres to one Palmer, thus leaving but forty acres in his name, upon which he resided.

Defendant Prosser was not called as a witness.   Rose testified that he made a *bona fide* sale to Prosser, receiving from him seven hundred dollars in money and a note for a portion of the balance of the agreed consideration.   What he did with this money he is wholly unable to state, and the manner in which the note was paid, if

at all, is left by his testimony in a very unsatisfactory condition. In October, 1876, a son of Hiram B. Rose took from Prosser a two years lease of the forty acres in question. The consideration to be paid therefor was to clear some twelve acres of the land, thoroughly subdue it, cut ditches sufficient to carry off the water, take off all loose stumps, build forty rods of new fence, keep all fences in good repair, pay all taxes, and have the whole seeded at the expiration of the lease. Truly this would seem to have been a most liberal rent, if enuring to Mr. Prosser's benefit, and yet quite a natural agreement, if the sale to Prosser was not a *bona fide* one. That Rose about this same time made a sham sale of some of his wheat to keep it from the reach of his creditors is clear beyond dispute.

It is insisted on the part of defendant Prosser that under Comp. L., § 4717, his rights cannot be affected by the fraud of Rose, unless the evidence connects him with the fraud. Admitting this, we are not satisfied from the evidence that Prosser has paid in fact any consideration for the premises. True, the evidence of Rose, standing alone, might tend to prove a payment of seven hundred dollars in cash and some note transfer for the balance, yet his evidence does not satisfy us that such was the fact, when we consider it in connection with all the other evidence in the case. While it may be true that Prosser was not called upon to take the stand and explain the transaction until a *prima facie* case was made out against him, yet this is just that kind of a case, as it now stands, that seems to require some affirmative showing on the part of Prosser in order to sustain the conveyance. And if the transaction were an honest one on his part, he should not have permitted any doubtful matter of right to have stood in his way of making a full explanation. A person certainly is not obliged to answer vague and indefinite charges, but when made a party defendant in a litigation where the question at issue is the *bona fides* of a purchase made by him, and evidence is given tend-

ing to show that the sale was made with an evident intent to defraud creditors, silence under such circumstances may well prevent the court from presuming too much in favor of the honesty of the transaction. The inferences from the facts proved against the validity of the sale should be allowed to have their full force and effect where the party defendant was called upon to remove them, had an opportunity so to do, and did not avail himself of it.

The decree below must be reversed, and a decree rendered in favor of complainants, with costs of both courts.

The other Justices concurred.