SMITH v. TOSINI et ux.

1. Where an equitable action was commenced in a territorial district court, and the evidence taken before such court, but before a decision was made the district court became extinct by reason of the admission of the State of South Dakota, it was not error for the judge of the circuit court which succeeded said district court, he having been the judge of such district court at the time of its extinction, and the judge who partially tried the case, to decide the same upon the evidence taken before him as such district judge.

2. In such case it was competent and proper for the circuit court, under Section 1, art. 26, of the state constitution, to take up the case at the

point where the district court left it, and proceed to a final determination as nearly as possible "as if no change had taken place in this government."

3. The old chancery rule that where an answer is responsive to the bill and denies all allegations of fraud such denials are evidence in defendant's favor, and must be overcome by the testimony of two witnesses, or of one witness corroborated by circumstances equivalent in weight to another, is not in harmony with the theory or practice of our Code, and became obsolete on its adoption.

4. Where the contest is between the husband's creditors and the wife, over property which the wife claims, but which there are probable grounds for believing belongs to the husband, it is incumbent on the wife to show by satisfactory evidence that she purchased and paid for the property from her separate estate.

5. In such case, the unexplained omission of either husband or wife to testify as to the *bona fides* of the transaction, and their respective relations to it, creates a presumption unfavorable to them.

(Syllabus by the Court. Argued Oct. 16, 1890. Opinion filed March 19, 1891.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action by plaintiff to have declared a conveyance of real estate to the defendant, Annie Tosini, void as against him as a creditor of the defendant Joseph Tosini and that the said property be declared subject to certain judgment liens. Judgment for plaintiff. Defendant appeals. Affirmed.

The facts are fully stated in the opinion.

*Bailey, Davis & Lyon,* for appellants.

The defendants having answered the complaint with separate, verified answers responsive to the complaint, and denying the allegations of fraud, these denials must be overcome by testimony equivalent to that of two witnesses under the rules of chancery pleading. Seitz v. Mitchell, 94 U. S. 580; Vigel v. Hopp, 104 U. S. 441; Morrison v. Durr, 122 U. S. 518; Reubens v. Joel, 13 N. Y. 488. The denials cast the burden upon plaintiff of proving the fraud. §§ 4656, 4659. Comp. Laws; Satterfield v. Malone, 1 L. R. A. 35. The deed to the defendant, Annie Tosini, being from a stranger raises a presumption of the *bona fides* of her title. Arndt v. Harshaw, 53 Wis. 269; Whiten v. Snyder, 88 N. Y. 304; Aldrich v. Muirhead, 101 U. S., L. Ed. 1013.

The evidence in the case was presented and the cause submitted to the district court of the territory, and it becoming extinct before judgment was rendered it was not competent for the circuit court of the state to render judgment in a case it had not tried. Bennett v. Porter, 9 How. 235; Cooley's Con. Lim. 432.

*J. W. Jones*, for respondent.

The burden is upon a wife holding property conveyed to her by third parties during coverture to prove affirmatively that she had a separate estate and that the purchase money was paid from it. Seitz v. Mitchell, 94 U. S. 580; Auble v. Mason 35 Pa. St. 261; Winter v. Walter, 37 Pa. St. 155; Sloan v. Torrey, 78 Mo. 623; Hoxie v. Price, 31 Wis. 82; Bank v. Bartlett, 8 Neb. 329.

Where a grantee takes title as a donee it is sufficient in a suit to set aside the conveyance to prove the fraudulent motive of the donor only. Clark v. Chamberlain, 13 Allen 257; Lee v. Figg, 37 Cal. 328; Bump on Fraud. Con., 198. The failure of the defendants to testify raises a presumption in favor of the charge of fraud. Goldsby v. Johnson, 82 Mo. 602; Clements v. Moore, 6 Wall. 299; Glenn v. Glenn, 17 Ia. 498.

KELLAM, J. In this action plaintiff sought to have declared a certain conveyance of real estate to Annie Tosini fraudulent and void as against him as a creditor of Joseph Tosini. The complaint alleges, in substance, that he was the owner, by assignment, of two judgments as against defendant Joseph Tosini, upon both of which executions had been issued and returned wholly unsatisfied; that on the 22d day of September, 1888, said Joseph Tosini bought of one Richardson, for the price of $600, and paid for with his own money, certain lots in the City of Sioux Falls, and caused them to be conveyed by said Richardson by her warranty deed to defendant Annie Tosini, which deed was duly recorded September 25, 1888; that at the time of such purchase said Joseph Tosini was also indebted in considerable sums to other persons; that he purposely concealed his property, if he had any, liable to execution, from the reach of his creditors; that he caused the said lots so purchased

and paid for by him with his own means to be conveyed to his wife, said Annie Tosini, without consideration, for the purpose and with the intent to hinder, delay, and defraud his creditors, and especially the plaintiff, all of which was then well known to the said Annie, who took the legal title thereof by a secret trust for the use and benefit of said Joseph, for the purpose of shielding the same from levy and sale to satisfy the plaintiff's said judgments; and prays judgment that the said conveyance be declared void as to plaintiff, and that the property be subjected to the judgment lien of said judgments. The defendants severally filed verified answers. Annie Tosini denied all of the allegations, the substance of which we have stated, except as to the judgments against Joseph and the proceedings thereunder, and except as follows: She says, substantially, that on said 22d day of September she purchased the lots aforesaid of the said Richardson at the price already named; that she paid $250 of the same in cash from her own separate estate, and secured the balance to said Richardson by notes and mortgage on the same lots, which are still unpaid and outstanding, and that no part of said consideration was paid by Joseph Tosini. Joseph Tosini, in his answer, admitted the judgments, their assignment to plaintiff, and that executions had been issued thereon and returned unsatisfied, but denied the allegations of the complaint heretofore noticed, and makes the same allegations as to the sale of the lots to Annie Tosini, the payment of the consideration by her, and not by him, as contained in her separate answer. The case was tried by the court without a jury, at the April term, 1889, of the district court for Minnehaha county, Territory of Dakota. The evidence was reduced to writing by the court stenographer, and the case submitted to said court upon written briefs by the respective parties, but was not decided until after the extinction of said territorial district court and the organization of the circuit court as a part of the judiciary system of the State of South Dakota. The Honorable FRANK R. AIKENS was judge of the district court at the time of the trial and was judge of the circuit court at the time of its organization, and when the case

was decided. The said district court did not decide the case, nor make any findings of fact nor conclusions of law therein, but its successor, the circuit court, did, on the 18th day of December, 1889, make such findings and conclusions upon which judgment was thereafter rendered, as prayed for by plaintiff, from which defendants appeal.

Appellants' assignment of errors goes both to the merits and the regularity of the judgment. Upon the question of regularity, appellants claim that, the district court having heard the evidence, and received the submission of the case, and then becoming extinct before making any decision, it was not competent for its successor, the circuit court, to decide the case upon evidence it had not heard, and render judgment in a case it had not tried. In Driscoll v. Jones, 1 S. D. 8, 44 N. W. Rep. 726, we held that by and upon the admission of the state the district court *ipso facto* ceased to exist, and that, while the circuit court became at once its immediate successor, there was no continuity of existence between the two courts. Section 1, Art. 26, of the state constitution provides: "That no inconvenience may arise from the change of the territorial government to the permanent state government, it is hereby declared that * * * actions * * * shall continue as if no change had taken place in this government;" so that, while there was no continuity as to courts, there was an unbroken continuity as to the action. The circuit court succeeded to and took up the unfinished business of the district court, and carried it forward, as nearly as possible "as if no change had taken place in this government;" but if no such change had taken place a retrial or resubmission would have been unnecessary. The case pending and undetermined went to the circuit court for completion. No question is suggested but that the court took and had full jurisdiction of the case. We think it became the duty of the circuit court to determine whether it had such knowledge of the facts and the evidence as prepared and qualified it to proceed and decide the case, or whether a retrial and re-examination of witnesses would be required; and we think there was no error in Judge AIKENS holding that he was as well prepared to determine

the case upon the evidence taken before him as district judge as he would be after a formal repetition of it before him as circuit judge. All that had taken place prior to the transfer was preserved, and was then before him, and his judicial information as circuit judge was just as full and complete as it was or could have been as district judge. It cannot matter that the courts were different, for the plain intent and express direction of the constitutional provision above quoted is that the new court should take hold of a case just where the old court let go. The district court had undoubted authority to proceed as far as it did in the trial of the case. At that point, by force of admission and the operation of the constitution of the state, that court ceased to exist, but simultaneously a new court took its place, and proceeded with its business "as if no change had taken place." Undistinguishable from this case is Seale v. Ford, 29 Cal. 105. Under the amended constitution of California a new court had superseded an old one. The judge of the new court had been judge of the old one, and as judge of the new court had decided a case upon the evidence and hearing before him as judge of the old court, and on appeal the supreme court, SAWYER, J., says: "We think the new court properly took up the case at that stage of the proceedings which had been reached at the time of the transfer. The testimony was taken in the regular course of the proceedings, and the judge who was re-elected was just as much judicially informed of the testimony as he was of any of the other proceedings in the case which took place prior to the transfer; and he went on in the new court from the point attained at the time of the transfer and determined the case therein in the same manner as if originally brought on in such district court." The following are cases not so directly in point, but involve analogous questions, and are confirmatory of our conclusions: Manning v. Matthews, 66 Iowa, 675, 24 N. W. Rep. 271; Bullock v. Neal, 42 Ark. 278; *In re* Martinhoff, 4 Redf. Sur. 286; People v. Bork, 96 N. Y. 188.

Upon the merits, appellants' first contention is that their verified answers must be taken and considered as evidence in

their favor, and the old chancery rule applied, that, when the answer is responsive to the bill, denying all allegations of fraud, these denials must be overcome by testimony equivalent to that of two witnesses. It is sufficient to say that this was distinctively and exclusively a chancery rule, resulting from the double purpose of the old bill and answer, and is not in harmony with the theory or provisions of the Code, and became obsolete upon its adoption. We are referred to no instance where the rule has been recognized or applied by a court of any state under the reformed practice. One of the objects of the Code was to do away with these peculiar rules of practice depending upon the distinction between equity and law cases. The cases cited by appellants from the federal courts are not pertinent here. The federal courts adopt the forms and practice of the state within which such courts are held "in civil causes other than equity and admirality," but in these latter the practice remains "according to the principles, rules, and usages which belong to courts of equity and of admiralty, respectively." Rev. St. U. S. §§ 913, 914; Bennett v. Butterworth, 11 How. 669; Blease v. Garlington, 92 U. S. 1.

The remaining question is as to the sufficiency of the evidence to sustain the allegations of the complaint that the lots were paid for, so far as the consideration was paid in cash, by the money of Joseph Tosini, and not of Annie Tosini; no question being made but that respondent was a judgment creditor of Joseph Tosini at the time of the transfer, and that these lots, if paid for by his money, and so really owned by him, instead of Annie, are liable for the payment of respondent's judgments. The defendants were husband and wife. We do not deem it necessary to discuss the effect of our statute, in keeping with other modern legislation as to the rights of married women, in determining just where the burden of proof lies in a case like this,—whether, under the influence of such legislation, the wife, holding the title, will be presumed to have furnished from her separate estate the means for its payment, or whether, the purchase being made pending the efforts of creditors to collect against her husband, the burden is upon her to

show that she had a separate estate from which the property was paid for. Arnold v. Harshon, 53 Wis. 269, 10 N. W. Rep. 390, is cited by appellants to support the proposition that when a married woman takes her title from a stranger the presumption of law is the same as in the case of any other grantor, and that presumption is that she herself paid the consideration for the purchase. The court did hold that such an instruction was good law in that state, but put it distinctly upon their statute which confers upon a married woman the right to take a conveyance of real estate from any person other than her husband, and hold and enjoy the same "in the same manner, and with like effect, as if she were unmarried;" but our statute does not go to this extent. It simply provides that "either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried." In a very recent case from the same state, (Gettleman v. Gietz, 47 N. W. Rep. 660,)—a case very like the one at bar,—the court says: "This is a contest between the creditors of the husband and the wife, where the wife claims to own property which there are very strong grounds for believing belongs to the husband. Under the circumstances, she is bound to show by clear and satisfactory evidence that she purchased and paid for the property out of her separate estate (citing authorities.) It is true this was not a purchase by the wife directly from the husband, as it was in the above cases, but a similar rule as to the nature and degree of the proof as to the purchase by a wife with her own money should apply." In this case the evidence shows that Joseph Tosini was indebted upon judgments which he refused to pay; that he had money, the result of a recent sale of his business; that the negotiations for the purchase of the lots were had principally with him; that he told the party to whom he sold that he thought that he would have to put the mortgage (taken to secure a part of the purchase money of the stock sold) in his brother's name, to keep it from his creditors; that a witness, who had known Annie Tosini both before and since their marriage, never knew of her having any property. We think

this testimony was sufficient to require some evidence on the part of Annie Tosini in support of her claim that the money paid on the lots came from her separate property. Harrington, the agent who made the sale, testified that during the negotiations, but prior to their completion, Mrs. Tosini told him that her money was paying for the lots; that she got it from her sister, to whom she had previously loaned it. This was objected to, and should have been excluded as hearsay. This was a very material fact, and, if true, should have been supported by original evidence. That her statement in her own favor to another, being no part of the *res gestæ*, cannot be repeated by the hearer as evidence, is a familiar rule. Defendants were fully informed by the complaint that they were charged with having this property conveyed to Annie Tosini, when it really belonged to Joseph, for the purpose and with the intent to protect it from the creditors of Joseph. They were presumably the only parties who absolutely knew whether this charge was true or false, the only parties who really knew whose money paid for these lots. There is nothing in the record to show that both were not convenient and readily available as witnesses. Neither was called, and the presumption is at least unfavorable to them. Baldwin v. Whitcomb, 71 Mo. 651; Glenn v. Glenn, 17 Iowa, 498; Bump, Fraud. Conv. p. 54. While it may be true that Annie Tosini, even as the wife of the delinquent debtor, was not required to make herself a witness, and explain the purchase and her relations to it, until some evidence was presented tending to impeach the *bona fides* of her holding, yet when it was shown that her husband was being pressed by judgments which he refused to pay, that he was in position to make the payment which it was conceded was made, and that, even by very inconclusive negative testimony, she had no means of her own from which she could have made such payment, that her husband had intimated his contemplation of putting a part of his property beyond the reach of his creditors, we think the time had come for her to speak. When a party is defendant in a litigation, "where the question at issue is the *bona fides* of a purchase made by him, and evidence is

given tending to show that the sale was made with an evident intent to defraud creditors, silence under such circumstances may well prevent the court from presuming too much in favor of the honesty of the transaction." Whitney v. Rose, 43 Mich. 27, 4 N. W. Rep. 557. It was not shown that Annie had any knowledge of any fraudulent intent on the part of her husband in having this property conveyed to her, but this was not necessary in this case. The theory upon which the relief is granted is that Joseph's money, and not hers, made the cash payment of $250, and to that extent at least the property is really his, and ought to be subject to his debts. She suffers nothing from such a decree. The law simply takes the money, or the property into which it has been converted, which he has attempted to give to her, and subjects it, or so much of it as may be necessary, to the payment of his debts. It uncovers the fraudulent donation, and exposes it to the view and reach of his creditors. The findings of the court are not set out in the abstract, and they must be presumed to be such as would sustain the judgment. It will be presumed that the court found as a fact that Joseph Tosini paid the $250 which constituted the cash payment on the purchase of the property, and in such finding, upon the evidence presented by the abstract, we are inclined to concur. At all events, the plaintiff is entitled to the benefit of the rule that this court will not reverse the findings of the trial court upon questions of fact unless they are very clearly against the weight of evidence. Best Brewing Co. v. Pillsbury Elevator Co., 5 Dak. 62, 37 N W. Rep. 763. It then follows, by force of Section 2796, Comp. Laws, that to this extent Annie Tosini holds the title of the property so bought and partially paid for as the trustee of Joseph Tosini. That section is as follows: "When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." The judgment of the court below declared these premises subject to the payment of plaintiff's judgments, which aggregated less than the $250, the amount of defendant Joseph Tosini's interest therein, and the same is affirmed. All the judges concurring.