BANK OF BELLOWS FALLS *v.* RILEY A. DEMING and ALBERT ONION.

Where a debtor makes an assignment of all his property for the benefit of all his creditors, any one of the creditors, who does not become a party to the deed of assignment, may sustain an action at any time, upon his claim, against the debtor, even though such creditor may have received from the assignee, out of the trust fund, a payment towards his claim.

And if there be appended to the assignment an acceptance, to be signed by the creditors, by which those signing agree to await the accounting of the assignee, which acceptance is signed by a large proportion of the creditors, yet no assent to such clause, on the part of a creditor who does not sign such acceptance, will be implied from the fact that such creditor received from the assignee, out of the trust fund, a payment upon his claim, before he commenced any action upon his claim; nor will the acceptance of such payment by him, under these circumstances, preclude him from the right to commence such action at any time.

But, as against a creditor who signs such acceptance, such clause will operate as a temporary bar of his right of action upon his claim. *Kingsbury* v. *Deming et al.,* Windsor Co. 1843, cited by WILLIAMS, J.

ASSUMPSIT upon a promissory note. Plea, the general issue, and trial by jury.

On trial, the plaintiff having proved the execution of the note declared upon, the defendants offered evidence tending to prove, that, about ten months subsequent to the execution of the note declared upon, they made an assignment of all their property, for the benefit of their creditors generally; they also offered the said assignment in evidence, with the acceptance upon it by the assignees, in writing, of the trust, and also the acceptance, indorsed upon it, of a number of the creditors of the defendants, (but not signed by the plaintiffs) by which the creditors signing it agreed to receive the dividends, which might accrue to them " after a faithful accounting by the said assignees, and await the same." The defendants also, in the same connection, offered evidence tending to prove that the plaintiffs knew the terms of said assignment; that, about three months after the execution of the assignment, the plaintiffs' agent, N. Fullerton, having in his possession the note declared upon, was in the store of the assignees, where they were doing business as such assignees, and that the assignees made to said Fullerton a payment, as a por-

tion. of the plaintiffs' dividend on said note ; and that said ·payment was made from the trust funds, and was indorsed at the time upon the note by Fullerton, who knew all these facts at the time; that this was prior to the commencement of this action ; and that the assignees had not, at the time this action was commenced, rendered an account of their doings under said assignment.

The testimony thus offered by the defendants was objected to by the plaintiffs, and excluded by the court ; to which decision the defendants excepted.　The jury returned a verdict for the plaintiffs.

*O. Hutchinson* and *N. Richardson* for defendants.

The testimony, offered by the defendants, should have been admitted, for,

1.　The reception, by the plaintiffs, of the money from the assignees, and the indorsement of the same upon the note, as a part payment, was, in law, (as in equity,) an assent to the assignment. 2 Kent 533.　*Drakeley et al.* v. *De Forrest et al.,* 3 Conn. 272, [Day's Dig. 20, § 8.]

2.　The plaintiffs were therefore estopped from this suit, as was expressly decided by this court in the case of *Kingsbury* v. *Deming et al.,* Windsor Co., Feb. T. 1842.

*L. Adams* for plaintiffs.

The express written agreement, at the end of the assignment, for delay, was never signed by the plaintiffs, and no such agreement can be implied.

The opinion of the court was delivered by

WILLIAMS, Ch. J.　We can see no reason for reversing the judgment of the county court.　There is nothing in the terms of the assignment, which bound the creditors to delay commencing suits. Neither is there any such agreement to delay implied in the fact of the plaintiffs' accepting and receiving the amount paid to them by the assignees, as trustees.

The case of *Kingsbury* v. *Deming et al.,** decided in this county

---

*Ira Kingsbury* v. *Riley A. Deming and Albert Onion,* Windsor Co. Feb. T. 1842.　This was an action of assumpsit upon a promissory note, signed by the defendants as partners, and came to the county court by appeal.　In the

Bank of Bellows Falls *v.* Deming et al.

in February, 1842, can be no authority in the case. In that case there was an agreement in writing, signed by Kingsbury, by which he accepted the provisions made in the assignment, and agreed to accept the dividends, which might accrue, and await the same. This was held to be a temporary bar. In the case before us, there is no such acceptance, or agreement. The judgment of the county court is therefore affirmed.

county court the defendants pleaded, in bar of the plaintiff's action, that, prior to the commencement of this action, they had made a general assignment of all their partnership property, for the benefit of all their creditors, of whom the plaintiff was one,—setting forth the terms and provisions of the assignment,—and alleged that the plaintiff, "in writing, under his hand, ac- " cepted the said provision, so made for him, as aforesaid, and then and there, " in consideration thereof, to wit, of said assignment and the provisions there- " in, as aforesaid, the said plaintiff agreed to await the said accounting of the " said assignees, and the payment of the dividend which might accrue and " belong to the said plaintiff, as aforesaid, and to forbear and suspend all pro- " cess of collection of said note, in the said action sued, until the said ac- " counting of the said assignees, as aforesaid, and until a reasonable and prop- " er time be allowed to said assignees for rendering their said account," &c.; and the defendants averred, that, at the time of the commencement of this action, such reasonable and proper time had not elapsed, and that the said assignees,—who accepted the trust,—had not completed the duties of their appointment, nor rendered any account of their doings. This plea was traversed by the plaintiff, and issue was joined to the court.

Upon the trial of the issue the only evidence offered by the defendants was an assignment in writing, executed by the defendants, bearing date prior to the commencement of this action, which purported to convey to the assignees, therein named, all the partnership property of the defendants "in trust, to " make sale of the property herein conveyed, and collect the debts and " choses in action belonging to us, with all due diligence, to defray their " expenses in the business intrusted to them herein, to pay the several joint " creditors of the said R. A. Deming & Co., in equal proportions, then to pay " the balance, if any, in equal shares, one half to the creditors of the said. " Albert, and the other half to the creditors of the said Riley A., to keep an " account of their doings, and the same render to the said Riley and Albert, " and to pay them the balance, if any, which may remain in their hands," and also an acceptance in writing, indorsed upon the back of said assignment, and signed by the plaintiff, prior to the commencement of this action, and by several creditors of the defendants, which was in these words,—" We hereby " accept of the provision made for us in the foregoing assignment, and agree

---

" to receive the dividends, which may accrue to us after a faithful accounting
" by the said assignees, *and await the same.*"  To the admission of this evidence
the plaintiff objected, but it was received by the court, and judgment was
rendered in favor of the defendants; to which decision the plaintiff excepted.
   In the supreme court the case was argued by *D. Kellogg* and *L. Adams,* for
plaintiff, and by *N. Richardson* and *O. Hutchinson,* for defendants; and THE
COURT held, that the facts pleaded, and proved, showed a sufficient consider-
ation for the agreement entered into by the plaintiff, and that the agreement,
signed by him, operated as a temporary bar of his right of action, and that
the evidence of such agreement, in the form in which it was offered, was
properly received; and the judgment of the county court was affirmed.   .
47