SMILEY D. IRWIN, APPELLEE, V. JAMES A. WELCH, IM-
PLEADED WITH JOHN A. WELCH, JENNIE D. WELCH,
AND GEORGE S. WELCH, APPELLANT.

1. **Mortgage:** EXECUTION OF IN ANOTHER STATE: HOW CERTI-
FIED TO BE ENTITLED TO RECORD HERE. A mortgage of land
in this state executed in another, where the acknowledgment is
taken by an officer not using an official seal, to be entitled to
record must have attached thereto a certificate of the clerk of
a court of record, or other proper certifying officer of the county,
district, or state wherein the acknowledgment was taken, under
the seal of his office, showing that the person whose name is
subscribed to the certificate of acknowledgment was at the date
thereof such officer as he is therein represented to be, that he
is well acquainted with the handwriting of such officer, be-
lieves his signature to be genuine, and that the execution and
acknowledgment are according to the laws of the state wherein
the execution took place.

2. ———: RECORD OF, VOID IF NOT SO CERTIFIED. The record
of a mortgage so executed without such certificate is a nullity,
and inadmissible in evidence as against a subsequent purcha-
ser of the land.

3. **Error not Prejudicial.** But if the record of such mort-
gage without such certificate is erroneously admitted in evi-
dence, if actual notice of the mortgage by the purchaser be
shown, the judgment will not be reversed.

THIS was an action brought in the district court of
Johnson county for the foreclosure of a mortgage ex-
ecuted by John A. and Jennie D. Welch, on lands
afterwards conveyed to James A. and George S. Welch.
James A., who was the owner of the land at the com-
mencement of the suit, alone answered. Upon a trial
before WEAVER, J., decree of foreclosure was rendered,
and James A. Welch appeals.

*S. P. Davidson,* for appellant, cited *Roode v. The State,*
5 Neb., 175. *Hoadley v. Stephens,* 4 Neb., 434. *Ely v.
Wilcox,* 20 Wis., 528.

*B. F. Perkins* and *C. Gillespie,* for appellee, cited *Carpenter v. Dexter,* 8 Wall., 513. *Burbank v. Ellis,* 7 Neb., 156. *Cavender v. Heirs of Smith,* 5 Iowa, 156. *Canal and Dock Co. v. Russell,* 68 Ills., 426. *Hunt v. McCartney,* 18 Ills., 129. *Fisher v. Butcher,* 19 Ohio, 406. *Dickerson v. Davis,* 12 Iowa, 354. *Jones v. Kimball,* 1 Mich., 308.

LAKE, J.

The first and principal ground on which a reversal of this judgment is sought is that the appellant had no notice of the existence of the mortgage until after he had purchased the land. He contends that the record of the instrument was a nullity, and furnished no notice of the lien, for the reason that there was no proof of the execution and acknowledgment as required by our recording act. And this position as to the record is well taken. Section five of the act concerning real estate provides very particularly how this proof shall be made, where, as in this case, the instrument is executed in another state, and before an officer not "using an official seal." It requires that it "shall have attached thereto a certificate of the clerk of a court of record, or other proper certifying officer of the county, district, or state within which the acknowledgment or proof was taken, under the seal of his office, showing that the person whose name is subscribed to the certificate of acknowledgment was, at the date thereof, such officer as he is therein represented to be; that he is well acquainted with the handwriting of such officer; that he believes the signature of such officer to be genuine, and that the * * * instrument is executed and acknowledged according to the laws of such state," etc. Gen. Stat., 873.

There appear to have been three records made of this mortgage in Johnson county, where the land lies.

To the first, which was made on the twenty-first of July, 1877, there is no certificate whatever of its execution and acknowledgment. The second record was made August 24th, 1878, and shows a certificate attached by the clerk of the circuit court of Parke county, Indiana, where the mortgage was executed, "that Abram Bruner, Esq., before whom the annexed mortgage was executed and acknowledged, was, at the date thereof, a *notary public* within and for said county, duly commissioned and qualified, and that his signanature thereto is genuine, and that his certificate of acknowledgment of the mortgagors of the execution of said mortgage is in due form of the laws of the state of Indiana." The *third* record, made December 14th, 1878, shows a like certificate, by the same clerk, save that the words "justice of the peace" are substituted for those of "notary public," thus correcting an evident mistake in the former, in designating the official character of the officer taking the acknowledgment. But in addition to this defect, these certificates are wanting in three particulars. They fail to show, first, that the clerk who made them was "well acquainted with the handwriting" of the officer who took the acknowledgment; second, that he believed "the signature of such officer to be genuine;" and third, that the mortgage was "executed and acknowledged according to the laws of the" state of Indiana. With these defects the mortgage was not entitled to record, as will be seen by reference to section 13 of the same act, the first clause of which provides that "every deed acknowledged or proved and certified by any of the officers before named, *including the certificate specified in section five of this chapter*, whenever such certificate is required by law, may be read in evidence without further proof, *and shall be entitled to be recorded*." [Gen. Stat., 874.] Although this provision nominally refers

to deeds only, by section 46 of the same chapter, it is made to embrace mortgages also.

With the instrument not entitled to be recorded, the several records thereof given in evidence against the objections of the defendant were nullities, furnishing no notice, constructively, to subsequent purchasers, and of no avail whatever to the plaintiff. These records, therefore, were erroneously admitted in evidence, and were it not for the fact that we find in the record indubitable evidence of the appellant's actual knowledge of the existence of the mortgage when he purchased the land, we should be compelled to reverse the judgment.

Referring to the testimony, we learn that this mortgage was given to the plaintiff by John A. Welch, a brother of the appellant, as security for the payment of a part of the purchase money of the very land covered by it. The purchase was made by John A. Welch, and the mortgage given on or about the twenty-second of June, 1877. On the fifth of July following, John A. Welch conveyed the land to his brothers James and George, and by a subsequent conveyance from the latter of his interest, James, the appellant herein, became the owner of the whole tract.

That James A. Welch had notice of this mortgage, and held the land subject to it, is clear from the following, which we quote from the testimony. Henry W. Vindquest, a disinterested witness, testified that: "I had a conversation with defendant James A. Welch at my house in Park county in the spring of 1878. He had been up to Mr. Irwin's, the plaintiff in this case, and Mr. Irwin was not at home, and came to my house and staid all night. He stated that he had been up to Mr. Irwin's to see him about the mortgage that he held on the land that he and his brother had bought from the defendant John A.

Irwin v. Welch.

Welch, in the county of Johnson and state of Nebraska, and said he wanted to see Mr. Irwin, to see if he could get to pay off his part of said mortgage, and get a release from it. He said that he and his brother, George S. Welch, had assumed the payment of said mortgage as a part of the purchase money of said land from John A. Welch."

In answer to another question the same witness answered: " He "—the appellant—" had written to me before that time from Bellmore, asking me to see the plaintiff Irwin, and see if he would not let him pay off his part of said mortgage and release him, or how much he would discount the whole of said claim if it was all paid."

Again, the plaintiff, testifying in his own behalf, said: " He "—the appellant—" said he knew the mortgage was on the land, and had to assume the mortgage to get the land."

As against this positive testimony of knowledge of the incumbrance on the land by James A. Welch there is absolutely nothing except the brief denial, at the close of his deposition, that he " knew of any claims against said lands until about the commencement of this suit." But he does not even so much as attempt a denial that he had the conversation, and wrote the letter respecting the mortgage detailed in the testimony above quoted. There can be no doubt therefore that the appellant not only had actual notice of the existence of the mortgage as a valid incumbrance on the land when he bought it, but had taken upon himself the burden of removing it by payment.

Such being our views of the case, it is unnecessary to notice several other points discussed by counsel, and the judgment is affirmed.

AFFIRMED.