HORATIO N. WATERMAN vs. A. & W. SPRAGUE MANUFAC-
TURING COMPANY.

| 14 | 43 |
| 23 | 394 |

A. sued B. in *assumpsit* for services rendered, and attached B.'s estate and interest in certain realty and personalty. B. pleaded the general issue, whereupon C., a mortgagee or trustee of B. under a trust deed for the benefit of B.'s creditors given before the suit was begun, filed in the suit pleas of the general issue and of the statute of limitations. A., with B.'s concurrence, asked the court to strike out these pleas filed by C.

*Held*, that the pleas should be stricken out.

*Held*, further, that a judgment against B. would not conclude C. as trustee.

*Held*, further, that A.'s claim under the trust deed must be a claim existing when the deed was delivered, and could not rest on a judgment against B. recovered since, and that A.'s claim against C. under the trust deed was, so far as B. and C. were concerned, distinct from A.'s claim against B. existing prior to the deed.

*Held*, further, that if the statute of limitations would bar A.'s claim against B., still A.'s equitable claim under the trust against C. was not subject to the statute.

*Held*, further, that C. could not defend the suit, merely because he, in defending the suit, would defend the trust property attached.

*Held*, further, that the court would allow C. to defend if fraud or collusion should be shown on the part of A. and B.

ASSUMPSIT. On motion to strike out certain pleas.

*December* 16, 1882. DURFEE, C. J. This is *assumpsit* for $20,000, balance of account. The writ was served April 22, 1882, by attachment of all the right, title, and interest of the defendant corporation in and to certain parcels of real estate lying in the town of Johnston, and in and to certain shares of the capital stock of the United States Flax Company, all of which had been previously conveyed to Zechariah Chafee, as is hereinafter more fully explained. The defendant has pleaded the general issue. Besides the defendant's plea, three pleas have been filed by Mr. Chafee, to wit, the general issue and two pleas of the statute of limitations. These three pleas were pleaded in the name of the defendant corporation, but not at its request. The case comes before us on the plaintiff's motion to strike out the said three pleas as unauthorized. We might refuse to consider the motion if it came from the plaintiff without the defendant's concurrence, or, in other words, if the defendant acquiesced in the defence purposed by Mr. Chafee's counsel. The defendant does not acquiesce, but on the contrary, though it has not subscribed the motion, wishes it granted. It may therefore be regarded as virtually the joint motion of both plaintiff and defendant. It is evident that,

so regarded, it ought to be granted unless Mr. Chafee's counsel can adduce good and valid legal reasons for their action. They justify their action on two grounds, which we will separately consider.

The first ground is this : namely, that Mr. Chafee is trustee or mortgagee under a trust mortgage given by the defendant for the benefit of certain of its creditors, and also assignee under an assignment subsequently made by the defendant for the benefit of its creditors generally, including the plaintiff, and that this action is brought to recover for services performed by the plaintiff for the defendant before the mortgage and assignment. The counsel for Chafee contend that he has a right to answer and defend the action, because any judgment recovered in it against the defendant will be a judgment virtually against him as the defendant's assignee, inasmuch as it will determine to what amount the plaintiff is the creditor of the defendant, and therefore for or according to what amount he will be entitled under the assignment. If it be true that the judgment will have this effect, we are clear that Chafee ought to be permitted to defend the action. But is it true ? The judgment will not be a judgment against him but against the defendant. How then will it bind him ? The execution thereon will not run against him. It may be supposed that it will be evidence against him in a suit by the plaintiff to enforce the trusts of the assignment. But how ? It is true that it is as the creditor of the defendant that the plaintiff is entitled under the assignment, but it is as the defendant's creditor by claim existing before the assignment, not by judgment subsequently recovered. The plaintiff, to show his right under the assignment, must show the existence of the claim before the assignment, and as against the assignee he cannot show it by showing a judgment against the assignor subsequently recovered. Such a judgment will be *res inter alios acta*, something done or accomplished to which the assignee was not a party. The right of the creditor to sue the assignor is not affected by the assignment. He may sue the assignor even after accepting a dividend under the assignment. *Bank of Bellows Falls* v. *Deming*, 17 Vt. 366 ; *Haskins et al.* v. *Alcott & Horton*, 13 Ohio St. 210 ; *Estabrook et al.* v. *Messersmith*, 18 Wisc. 545. He may claim under the assignment after

suing the assignor, unless the action is in derogation of and so a rejection of the assignment. *Valentine et al.* v. *Decker*, 43 Mo. 583. Or again the creditor may prosecute his claim under the assignment even after releasing the assignor. This is because the claim under the assignment is created by the assignment, and therefore differs from the claim against the assignor which existed before it. The two claims are *two*, as respects the assignor and the assignee, and not one, and therefore the assignee is not entitled, for the reason first assigned, to defend the action against the assignor.

The counsel for Mr. Chafee say that the practice is for assignees, when a doubtful claim is presented, to require the creditor to establish it by action against the assignor. We see no objection to the practice if the parties agree to it. It does not show, however, that the assignee has a right to answer and defend an action by the creditor against the assignor if neither plaintiff nor defendant consent to it. It seems to be supposed that if Mr. Chafee were permitted to defend, he would, if he could maintain the pleas of the statute of limitations, defeat the plaintiff's claim altogether. We do not think so. He might defeat the claim against the defendant, but the claim under the assignment is an equitable claim founded on the trust created by the assignment, and is not liable to the bar of the statute.

The other ground on which it is claimed that Mr. Chafee has a right to defend, is that the action was begun by an attachment of property conveyed to him by the mortgage and assignment before mentioned, and that he has a right to defend, because in defending the action he will defend the property. We do not think this position is tenable. On the same ground, any person having property attached in an action against another would have a right to defend the action, and if there were several whose property was attached, there would be several besides the defendant having a right to defend, whether the defendant were willing or not. This would be manifestly unreasonable. Mr. Chafee desires to defend particularly for the purpose of interposing the statute of limitations, which the defendant has omitted to plead. If the plaintiff's claim is just, we cannot say that it is the defendant's duty to plead the statute. There may be reasons why it

would be unconscionable to do it. This defence in an action at law to recover a debt is personal to the debtor, who is always at liberty, unless controlled by some special equity or contract, to waive it or to keep the debt alive as against himself by acknowledgment or new promise.

If Mr. Chafee were going to be concluded by a judgment recovered against the defendant, he would have some reason for claiming to answer and defend. The judgment will not conclude him. It will be only *primâ facie* evidence against him even in a proceeding to impeach the mortgage and assignment. It will be open to him in such proceeding, or in an aggressive suit by himself, to protect the property which he holds under the mortgage and assignment by showing that the plaintiff never was, or that before the judgment he had ceased to be, a creditor. He can do this by showing either that the claim on which the judgment was rendered never existed but was fictitious, or that it had been paid or had been extinguished by set-off or otherwise, or that the judgment was being used for the benefit of the debtor. There are cases which hold that he can also protect the property by showing that the claim had been barred, before action begun, by the statute of limitations. Bump on Fraudulent Conveyances, 530, 539, 540 ; *McDowell* v. *Goldsmith*, 24 Md. 214 ; *Warner et al.* v. *Dove et ux.* 33 Md. 579. This does not contradict what is previously said in this opinion ; for though the statute is no bar to a claim preferred in pursuance of the trust *under* the assignment, it does not follow from thence that it cannot be interposed to defeat a claim which is prosecuted *against* it. Our conclusion is, therefore, that the motion should be granted.

There is a possible phase of the case which we have not considered, because we do not understand it to have been presented except in supposition. It is conceivable that the plaintiff's claim is fictitious, and the defendant is colluding with him. If this be so, we will, on evidence of it, give Mr. Chafee permission to defend the action for our sake as well as his own, for the court will not willingly consent to be used as an instrument of fraud. For the purposes of such defence, however, the plea of general issue filed by the defendant will be sufficient.

*Motion granted.*

*William B. Beach,* for plaintiff.

*Andrew B. Patton,* for defendant.

*Charles Hart, Benjamin F. Thurston, James Tillinghast & C. Frank Parkhurst,* for Z. Chafee.

*December* 18, 1882, judgment was entered by agreement in favor of the plaintiff for $12,209.57.