CANNON *et al.* v. DEMING, Sheriff, *et al.*

1.   An acknowledgment of an instrument under our statute must not be taken unless the officer taking it knows, or has satisfactory evidence, on the oath or affirmation of a credible witness, that the person making such acknowledgment is the individual who is described in and who executed it.

2.   Four substantial facts must substantially appear in the certificate of acknowledgment, viz.: (1)   That the person making the acknowledgment personally appeared before the officer who makes the certificate; (2) that there was an acknowledgment; (3) that the person who makes the acknowledgment is identified as the one executing the instrument; and (4) that such identify was either personally known or proved to the officer taking the acknowledgment.

3.   When it is provided by statute, as by sections 3285 and 3286, Comp. Laws, that, in order to the registration or recording of a conveyance, it shall be acknowledged before some officer, and said officer's certificate shall substantially contain certain facts, if the deed is recorded without the prescribed certificate the recording or registration will not be constructive notice to any one.

4. An assignment for the benefit of creditors must be duly acknowledged and recorded; and, unless so acknowledged and recorded, it is void against every creditor of the assignor not assenting to it.

5. The question of assent is one of fact, the truth of which is to be established by competent evidence. Like every other fact, it may be established by direct evidence, or its existence may be inferred or presumed from other facts already in proof.

6. The assent of a creditor may be given to an assignment, either by becoming a party to it, or by signing an acceptance appended to it, or by verbally assenting to its terms, or by receiving the benefits of it, or by claiming such benefits or taking legal means to obtain them.

7. When the evidence is conflicting, the court will not weigh the evidence, to determine from its sufficiency to sustain the verdict of a jury or a finding of fact by the trial court.

(Syllabus by the Court. Opinion filed Dec. 19, 1892.)

Appeal from circuit court, Codington county. Hon. J. O. AN-DREWS, Judge.

Action by the plaintiff as assignee for the benefit of creditors against the defendant as sheriff to declare a deed of assignment valid and to restore property. Plaintiffs had judgment. Defendants appeal. Affirmed.

The facts are stated in the opinion.

*George H. Barns, W. S. Glass* and *R. T. Warner,* for appellants.

If the law commands or prohibits a thing to be done equity cannot enjoin the contrary or dispense with the obligation. 1 Story, Eq. Jur. § 64; Pom. Rem. R. § 529. The knowledge and assent of a party is a legal conclusion. Moore v. Westervelt, 2 Duer, 59; Bloodgood v. Bruen, 4 Seld. 366; 1 Estee's Pl. & Pr. 117. A court of equity will not reform an instrument which, when reformed, must be construed and enforced precisely as it would have been before reformation. Rue v. Meirs, 12 Atl. 369. To entitle the plaintiff to the equitable interposition of the court he must show a proper case and one in which he has no adequate remedy at law. De Witt v. Hays, 2 Cal. 469, 563; Robinson v. Goar, 6 *Id.* 273; Hagar v. Shundler, 29 *Id.* 273; Hills v. Sherwood, 48 *Id.* 392.

The principle of election in equity is recognized and enforced in this country the same as in England. 1 White & T. Leading Case in Eq., p. 1, 541; Millbanks v. Millbanks, 18 Ill. 19. One is not bound to elect until he is fully informed as to the relative

value of the things between which he is to choose. Pinckney v. *Id.*, 2 Rich. Eq. 119; Upshaw v. Upshaw, 2 Hen. & M. 381; Reans v. Garrett, 34 Ala. 563; Hall v. Hall, 2 McCord, Ch. 269; Adsit v. Adsit, 2 Johns. Ch. 448. It must be made with knowledge of his right to elect and with intention to elect. Brescoe v. Brescoe, Pr. Eq. R. 143; Sweetman v. Sweetman, 2 I. R. Eq. 141; Stratford v. Powell, 1 Ball & B. 1; Dillon v. Parker, 1 Swanst. 380; Edwards v. Morgan, McClel. 541; Worthington v. Niginton, 20 Beav. 67; Wintour v. Clifton, 21 *Id.* 447; Campbell v. Ingilby, 21 *Id.* 582.

An election may be by matter *in pais*, by plain and unequivocal acts with full knowledge of all the circumstances and of party's rights. Duncan v. Duncan's Ex'rs, 2 Yeates, 302; Cauffman v. *Id.*, 17 Ser. & R. 16; Heron v. Hoffner, 3 Rawle, 393; Adlum v. Yard, 1 *Id.*, 163, Bradford v. Kent, 8 Wright, 474; Anderson's App. 12 Casey, 476; O'Driscall v. Koger, 2 Desaussure, 295; Snelgrove v. Snelgrove, 4 *Id.* 300. A court of equity will permit a party to elect at his option, and will not conclude him by equivocal acts. Kidney v. Causmaker, 12 Ves. 136; Dillon v. Parker, 1 Swanst. 381. Assignments for benefit of creditors are looked upon with jealousy by our courts as a fruitful source of fraud and litigation. Cheever v. Hays, 3 Cal. 474.

The presumption that creditors assent to deeds of assignment is one of fact and can be rebutted. Hurd v. Silsby, 10 N. H. 108; Spinney v. Portsmouth, 25 *Id.* 18; Derry v. Davis, 44 *Id.* 550. Mere acquiescence with knowledge by a creditor of transfer by assignment for the benefit of creditors does not estop him to deny the validity of the transfer. Cole v. Tyler, 65 N. Y. 73; Knauth v. Bassett, 34 Barb. 31; Jenness v. Berry, 17 N. H. 549; Hayes v. Heidleberg, 9 Pa. St. 203; Bump on Fraud Con. 465; Farmer v. Cobham, 29 N. H. 12.

Where a statute prescribes a method for conveying or disposing of property it must be followed strictly to avail against creditors. Lewis v. Bush, 30 Minn. 244; Green v. Van Buskirk, 5 Wall. 302; Hibernian v. Lacombe, 84 N. Y. 367; Warner v. Jaffray, 96 N. Y. 248; Pain v. Lester, 44 Conn. 196; Kidder v. Tufts, 48 N. H. 121; Harvey v. R. I. Locomotive, 93 U. S. 664; Chever v. Hays, 3 Cal. 471.

The instrument of assignment was not acknowledged or certified as required by statute, and is therefore void as to creditors not assenting to it. Sheperd v. Carrill, 19 Ill. 313; Tully v. Davis, 30 Ill. 103; Wolf v. Fogarty, 6 Cal. 324; Kelsey v. Dunlap, 7 Cal. 161; Gnadier v. Lampe, 16 N. W. 614; Buell v. Irwin, 24 Mich. 144; Hiles v. La Flesch, 31 N. W. 655; Heelan v. Hoaglan, 7 N. W. 282; Smith v. Boyle, 67 How. Pr. 350. That which is implied in a statute is as much a part of it as what is expressed. Potter's Dwarris, 145; U. S. v. Babbitt, 1 Black, 61; Gelpecke v. City, 1 Wall. 221. Of two repugnant provisions of a statute that which is last in order of time or in local position will be preferred. Quick v. Whitewater, 7 Ind. 570; Packer v. Sunburg, 19 Pa. St. 211. The deed was not duly recorded and stands in legal effect as if it had never been. Loomis v. Brush, 36 Mich. 36; Reed v. Kemp, 16 Ill. 431; Choteau v. Jones, 11 Ill. 320; McMinn v. O'Connor, 27 Cal. 238.

The fact that the plaintiff was in possession under an invalid assignment does not affect the defendant's rights. Barnett v. Kinney, 23 Pac. 924; Degraw v. King, 9 N. W. 636; Hardman v. Bouen, 196; Juliand v. Rathbone, 39 Id. 369. The court has no power to reform the certificate of acknowledgment except under a direct statute. O'Ferral v. Simplot, 4 Iowa, 381; Purcell v. Goshen, 17 Ohio, 105; Elliott v. Piersal, 1 Pet. 328; Word v. Cach raur, 39 Vt. 544; Bank v. Copeland, 18 Ind. 305. The record in assignment proceedings cannot be amended so as to affect the rights of parties which have attached before the amendment. Auley v. Osterman, 25 N. W. 661; Witte v. Mayer, 11 Wis. 300; Whitney v. Burdette, 15 Wis. 61; Bonesteel v. Orvis, 23 Wis. 506; Sherry v. Schraage, 48 Wis. 95. A court of equity will not reform a deed in favor of one not a purchaser for value. Else v. Kennedy, 25 N. W. 290; Bunn v. Winthrop, 1 Johns. Ch. 329; Minturn v. Seymour, 4 Id. 497; Sherwood v. Sherwood, 45 Wis. 357; Anderson v. Tydings, 63 Am. Dec. 708; Knight v. Bunn, 7 Ired, Eq. 77; Smith v. Turrentine, 2 Jones, Eq. 253; Arnold v. Harmer, 1 Freem. Ch. 509; Wheeler v. Kirtland, 9 C. E. Green, 555.

*Mellette & Mellette, D. O. & W. R. Thomas, S. D. Van Buskirk* and *F. E. Van Liew,* for respondents.

The assignment in the case at bar is not void. The term "void" is constantly construed to mean nothing more than "voidable." Burrill, Assign. § 319; Edwards v. Mitchell, 1 Gray, 241; Bigelow v. Baldwin, *Id.* 247; Merrill v. Englesby, 28 Vt. 150. A simple defect in the certificate would not invalidate the assignment. Section 3289, Comp. Laws; Hutchinson v. Ainsworth, 15 Pac. 82; Benson v. Markoe, 33 N. W. 38; Remington v. Higgins, 54 Cal. 620; Carpenter v. Dexter, 8 Wall. 426; Hastings v. Vaughn, 5 Cal. 315; Zimmerman v. Willard, 2 S. E. 70; McBlain v. Spellman, 35 Hun, 263; Wise v. Wiman, 23 Mo. 507; Chaflin v. Smith, 35 Hun, 372; Camp v. Buxton, 34 Hun, 511; Wedel v. Herman, 66 Cal. 373. The court may correct a defective certificate of acknowledgment as of date when made. Tate v. Stabltzfoos, 16 Am. Dec. 546; Mercer v. Watson, 1 Watts, 356; Watson v. Mercer, 8 Pet. 109; Dutzel v. Walde, 30 Cal. 144; Chestnuts v. Shani, 16 Ohio, 549; Saterlee v. Mathewson, 2 Pet. 380; Fogg v. Holcomb, 21 N. W. 111.

An assignment is valid against attaching creditors with notice, though not recorded. Gilford v. Childs, 22 Pick. 434; Munson v. Fraser, 34 N. W. 804; Cribben v. Ellis, 34 N. W. 154; sections 3297, 4672, Comp. Laws; Paulson v. Clough, 42 N. W. 398. The title passes immediately. Stamp v. Case, 41 Mich. 267; King v. Gustafson, 45 N. W. 565. The defendants assented to the assignment. Tompkin v. Wheeler, 16 Pet. 106; Burrill, Assign. §§ 53, 284, 289, 291, 295; Scott v. Eades, 3 Minn. 271; Richards v. Maice, 7 Minn. 271; Barings v. Dabner, 19 Wall. 90; Merrill v. Englesby, 28 Vt. 150; Geisse v. Beall, 3 Wis. 330.

The fact that the assignor has concealed a portion of his assets and not included them in his assignment will not be sufficient to set aside the assignment. Stultz v. Flemming, 9 S. E. 1067; Paul v. Baugh, 9 S. E. 329; King v. Glass, 34 N. W. 820; Verner v. Davis, 2 S. E. 114.

BENNETT, P. J. So far as is necessary for the determination of this appeal, the facts in the above-entitled action are as follows: On or about June 8, 1888, Walter M. Savage was doing business in the city of Watertown as a hardware merchant. Being in embarrassed financial circumstances, he made an alleged assignment of his property, real and personal, except his legal

exemptions, for the benefit of his creditors, to Cassius M. Cannon, one of the respondents. The deed of assignment was filed for record and recorded in the office of the register of deeds of Codington county. The respondent Cannon accepted the trust, filed his bond, and on the 27th day of June took possession of the assets. On the same day, Walter M. Savage, the assignor, made and filed in the office of the register of deeds a duly-verified inventory and schedule of his property. Subsequent to the making, executing, and recording of the alleged deed of assignment, and the taking of the assets, by the above-mentioned assignee, the defendants Hibbard, Spencer, Bartlett & Co., Fuller, Warren & Co., George M. Clark & Co., and the Michigan Stove Works obtained judgments against the assignor, Savage, and had executions issued upon them; and several other defendants, not necessary to mention by name, obtained warrants of attachment, and placed them in the hands of the defendant L. S. Deming, sheriff of the county, which executions and attachments were afterwards on the 17th day of July, 1888, levied on the property in the hands of the assignee; and, against the assignee's will or consent, it was forcibly taken from him, and sold under the executions and attachments. This action was instituted for the purpose (1) of having a judicial declaration that the deed of assignment was a good and valid conveyance of the property mentioned in the inventory to Cannon, the assignee, for the benefit of creditors; (2) that the certificate of acknowledgment should be amended, corrected, and reformed so it may speak the truth and the facts existing at the time in relation to the making of it; (3) that the property taken by the sheriff under the executions and attachments be restored to the assignee, and he enjoined from selling or disposing of it in any manner under said writs.

The proceedings of the defendants were based upon the assumption that the deed of assignment was void because the certificate of acknowledgment is so defective that the deed was not entitled to record, and that the spreading of it upon the records was a nullity. If not entitled to record, it was not, in contemplation of law, recorded. It would, however, be good as to creditors who, with notice, assented to it. But the defendants deny either notice or assent.

The primary and important question in this case is as to the validity of the deed of assignment. If the deed was void, the title to the property taken was in Savage, and subject to process against him, and the action of defendants was lawful. If the deed of assignment was valid, the title of the property was in the assignee for the benefit of creditors, and not subject to process against Salvage, the assignor. The validity of the deed of assignment is attacked solely upon the ground of the alleged informality and insufficiency of the certificate of acknowledgment made by the recording officer. The acknowledgment is as follows: "On this day personally appeared before me, the undersigned, a register of deeds in and for the county of Codington and territory of Dakota, Walter M. Savage, and acknowledged the execution of the foregoing instrument to be his own voluntary act and deed. Witness my hand and official seal the 8th day of June, 1888. (Signed) G. R. WILLIAMS, Register of Deeds.(Seal.)" With this acknowledgment, the deed was filed and spread upon the records of the county.

Sections 4664 and 4665, Comp. Laws, provide that "an assignment for the benefit of creditors must be in writing, subscribed by the assignor or by his agent thereto in writing. It must be acknowledged or proved and certified in the mode prescribed by the chapter on recording transfers of real property;" and, "unless the provisions of the last section are complied with, an assignment for the benefit of creditors is void against any creditor of the assignor not assenting thereto." Section 3288, Comp. Laws, relating to the certificate of acknowledgment and to recording transfers of real property, provides that "such certificate of acknowledgment, unless it is otherwise in this article provided, must be substantially in the following form: (Venue.) On this ——— day of ———, in the year ———, before me personally appeared ———, known to me, or proved to me on the oath of ———, to be the person who is described in and who executed the within instrument, and acknowledged to me that he (or they) executed the same."

In the acknowledgment upon the deed of assignment the words "known to me, or proved to me on the oath of ———, to be the person who is described in and who executed the within

instrument," are omitted. Was this omission a fatal defect?
The acknowledgment of an instrument must not be taken unless
the officer taking it knows or has satisfactory evidence, on the oath
or affirmation of a credible witness, that the person making such
acknowledgment is the individual who is described in and who exe-
cuted the instrument. Section 3281, Comp. Laws. There are at
least four essential facts that must substantially appear in the cer-
tificate of acknowledgment, viz.: (1) That the person making the
acknowledgment personally appeared before the officer who makes
the certificate; (2) that there was an acknowledgment; (3) that
the person who makes the acknowledgment is identified as the
one who executed the instrument; and (4) that such identity was
either personally known or proved to the officer taking the ac-
knowledgment. The statute requires that the certificate shall at
least set out substantially these essential facts. The authorities
to this effect are numerous and quite uniform. The identity of the
party making the acknowledgment is an essential feature, and
must appear in the certificate. See authorities collated under title
"Acknowledgment," 1 Amer. & Eng. Enc. Law, p. 154. An exami-
nation of the cases which hold that an omission of words of iden-
tity is not a fatal defect shows that there did not exist at the time
a statute requiring such personal identification, or that the stat-
ute was substantially complied with. See same authorities cited
in the above valuable work, at same page. A majority of the stat-
utes of the several states require the certificate to show that the
party acknowledging the instrument was known to or proved to
the officer to be the person who executed it. This is deemed to be
a matter of substance, and an important safeguard against fraud
Schley v. Car Co., 120 U. S. 575, 7 Sup. Ct. Rep. 730; Rogers v.Adams,
66 Ala. 600; Callaway v. Fash, 50 Mo. 420; Wolf v. Fogarty, 6 Cal.
224; Coburn v. Herrington, 114 Ill. 104, 29 N. E. Rep. 478; Rey-
nolds v. Kingsbury, 15 Iowa, 238; Hayden v. Wescott, 11 Conn.
129; Pinckney v. Burrage, 31 N. J. Law, 21; Gage v. Wheeler, (Ill.
Sup.) 21 N. E. Rep. 1075; Smith v. Garden, 28 Wis. 685; Buell v.
Irwin, 24 Mich. 153; Smith's Lessee v. Hunt, 13 Ohio, 260.

In the acknowledgment under consideration the certifying of-
ficer fails to state that the person executing the deed of assign-

ment was known to him, or was proved to him on the oath or other-
wise of others, to be the person who is described in and who
executed the instrument; nor does he state anything that, either
in tenor, form or substance, amounts to the same thing. The
certificate is wanting in language which approximately or other-
wise meets the requirements of the statute in this particular. This
being true, the deed of assignment was defectively certified as
acknowledged; and this is practically admitted by the respondents,
else why should this action have been instituted?

But was the certificate sufficient to entitle the deed of assign-
ment to record, and was it such an instrument as would import a
constructive notice of its contents by registration? Section 3269,
Comp. Laws, provides that "before an instrument can be recorded
\* \* \* its execution must be acknowledged by the person exe-
cuting it, \* \* \* or proved by a subscribing witness, as pro-
vided in sections 3285 and 3286, and the acknowledgment or proof
certified in the manner prescribed by article 3 of this chapter."
We think the rule has been well settled that when it is provided
by statute that in order to the registration or recording of a con-
veyance the deed shall be acknowledged before some officer, and
said certificate shall substantially contain a certificate of certain
facts, if the deed is recorded without the prescribed acknowledg-
ment the recording or registration will not be constructive notice
to any one. 2. Washb. Real Prop. (3d Ed.) 139; Blood v. Blood,
23 Pick. 80; White v. Denman, 1 Ohio St. 110; Irwin v. Welch, 10
Neb. 479, 6 N. W. Rep. 753; McMinn v. O'Connor, 27 Cal. 238;
Greenwood v. Jenswold, 69 Iowa, 53, 28 N. W. Rep. 433; Smith v.
Boyle, 67 How. Pr. 351; Pringle v. Dunn, 37 Wis. 449; Wilson v.
Russell, (Dak.) 31 N. W. Rep. 655; Heelan v. Hoagland, (Neb.) 7 N.
W. Rep. 282; Loomis v. Brush, 36 Mich. 40.

The law of this state relating to an assignment for the benefit
of creditors is quoted in the forepart of this opinion, being sections
4664 and 4665, Comp. Laws, and requires that the assignment shall
be duly acknowledged and duly recorded, and unless so acknowl-
edged and recorded it is void against every creditor of the assignor
not assenting thereto.

Having determined the deed of assignment under consideration was not properly acknowledged, and that the spreading of it upon the record imported no constructive notice to any one, we fail to see how the assignee had any title or right to the property, superior to the attaching creditors, unless it can be shown that it was assented to prior to the service of the writs of execution and attachment by such creditors. The principle of law upon which assent rests is based upon the equitable ground that no man can be permitted to claim inconsistent rights with regard to the same subject, and that any one who claims an interest under an instrument is bound to give full effect to that instrument, as far as he can; that is, a person cannot accept and reject the same instrument at the same time, nor can he avail himself of a part of it, and defeat its provisions as to any other part. The question of assent is one of fact, the truth of which is to be established by competent evidence. Like every other fact it may be established by direct evidence, or its existence may be inferred or presumed from other facts already in proof. The allegations of the complaint upon this point are found in paragraph 13, and are as follows: "The defendants herein, and each of them, from the 8th day of June, 1888, and from the date of filing and recording of said deed of assignment, * * * and from the taking possession of said property * * * by said plaintiff assignee, * * * until the 17th day of July, 1888, were assenting creditors to said assignment, and said defendants, and each of them, did during all of said time, and continuously, fully assent to and acknowledge the validity of said deed, and acknowledgment and certificate thereof, * * * and received payment and compensation and benefits timony unchallenged.

When an assignment is made to a trustee for the benefit of creditors not parties to the deed, it may be laid down as a general rule that the assent of the creditors is not necessary to its validity, and the legal estate or title will pass to the assignee without such assent, provided the assignment is made in accordance with the statute. It has also been held that if the trust be for the benefit of creditors the law will presume that they have assented to it until the contrary has been shown. "That which purports to

have been done for the benefit of creditors," observes Justice Mc-
Lean in the case of Lawrence v. Davis, 3 McLean, 177, "and which
was manifestly for their advantage, will be presumed to have been
done with their assent, unless the contrary appear." See, also,
Brooks v. Marbury, 11 Wheat. 78; Brashear v. West, 7 Pet. 608.
And the same rule has been adopted in several of the state courts.
Cunningham v. Freeborn, 11 Wend. 240; Ingram v. Kirkpatrick, 6
Ired. Eq. 462; Moore v. Hinnant, 89 N. C. 455; Rankin v. Lodor,
21 Ala. 380; Hempstead v. Johnson, 18 Ark. 123; Hyde v. Olds, 12
Ohio St. 591; Green v. Banks, 24 Tex. 508; Robbins v. Magee, 76
Ind. 381; Daniels v. Willard, 16 Pick. 36.

The assent of a creditor may be given to an assignment either
by becoming a party to it, or by assigning an acceptance appended
to it, or by verbally assenting to its terms, or by actually receiv-
ing the benefits of it, or by claiming such benefits, or by taking
legal measures to obtain such benefits. Burrill, Assignm. § 289;
Bank v. Deming, 17 Vt. 366; Scott v. Edes, 3 Minn. 387, (Gil. 280;)
Haskins v. Alcott, 13 Ohio St. 211; Frierson v. Branch, 30 Ark.
453.

In the case at bar the assent is claimed by receiving some
benefit from the assignment by the defendants, and verbally as-
senting to it by their attorney, Bean. This question of fact has
been found in favor of the respondents by the court below. When
the evidence is conflicting, this court will not weigh the evidence,
or go further than to determine from it whether or not the re-
spondents have given sufficient legal evidence to sustain the ver-
dict of the jury or the finding of fact by the court. This will be
done without regard to the evidence on the part of the appellants,
except so far as the same tends to sustain the verdict or the find-
ing. Jeansch v. Lewis, (S. D.) 48 N. W. Rep. 129; Brewing Co. v.
Mielenz, 5 Dak. 136, 37 N. W. Rep. 728; Phillip Best Brewing Co.
v. Pillsbury & H. Elevator Co., 5 Dak. 67, 37 N. W. Rep. 763.

Cannon, the assignee, testified that one Hurty was employed
to assist in taking the inventory, at the request of an attorney
named Bean. He says, after he commenced selling the goods of
the assignor, Bean was present, and saw him doing so, and made

no objection to the assignment or to any of his proceedings under it; and he says that Bean made the remark that they (meaning Hibbard, Spencer, Bartlett & Co.) would sustain the assignee, in any event, and Bean assured him over and over that he was just the man for the place, and was doing the business just as well as they could ask for a man to do; and he made no objection to any proceeding of the assignee under the deed of assignment until the levy was made upon the property by the sheriff, and this was the first intimation of any objection to the assignment that he had. Mellette testified that some time after the levy of the execution he went to Chicago for the purpose of settling the claims of the creditors of Mr. Savage, and while there met some members of the firm of Hibbard, Spencer, Bartlett & Co. They told him that Mr. Bean was their attorney in the matter, and had full charge of the business, and that, he being out of the city, they could do nothing and did not care to talk about it. He also saw Mr. George M. Clark, and had a conversation with him in relation to settlement of their claims. He was referred to Mr. Bean, and told that whatever he (Bean) said in the matter, and whatever arrangement might be made with him, would be satisfactory. The same was said by Fuller, Warren & Co., the other defendants. Thomas testified that he knew Mr. Bean, and knew that he represented himself as the attorney for Hibbard, Spencer, Bartlett & Co., and he saw him sign as their attorney; and he also knew of his taking confessions of judgment from Mr. Savage in favor of these defendants. In a conversation with Bean, he (Bean) said he wished to get these confessions of judgment from Savage, but that he, (Thomas,) as one of the attorneys for Savage, opposed the taking of these judgments, and that he could see no reason for these confessions unless he (Bean) wanted either to attack the assignment or the exemption, at which time Bean said he had no desire to attack the assignment, and that he was fully satisfied with the assignment, and did not intend anything of the kind; and he also waived any question as to exemptions. In all the conversations Bean was recognized as speaking for the defendants. These facts, substantiated by the presumption of law arising from the evidence, we think are suf-

ficient to sustain the finding of the court upon the question of assent. The evidence without doubt establishes the fact that Bean was the acknowledged agent of the defendants in respect to their claims, and with full and complete authority to represent and act for them. What knowledge or notice he had in relation to this assignment and his acts of assent were imputed to the defendants, and they were bound by them. That he was knowing to all the provisions contained in the deed of assignment, there can be no doubt; and, if not personally aiding and advising with the assignee in the discharge of his duties, he was personally knowing to all the assignee did, and took repeated occasion to compliment and approve his acts as such assignee, and continuously said he had no objection to the assignment, and was instrumental in furnishing competent assistants to take the inventory.

The next question arising in the case is, can the defect in the certificate of acknowledgement be cured, so as to give the assignee title or right to the property named in the deed of assignment? Section 3289, Comp. Laws, provides: "When the acknowledgment or proof of execution of an instrument is properly made, but defectively certified, any party interested may have an action in the district (circuit) court to obtain a judgment correcting the certificate." "Any person interested under an instrument entitled to be proved for record may institute an action in the district court against the proper parties to obtain a judgment proving such instrument." "A certified copy of the judgment in a proceeding instituted under either of the two preceding subdivisions, showing the proof of the instrument and attached thereto, entitles the instrument to record, with like effect as if acknowledged." The uncontradicted testimony of Williams, the certifying officer, shows that Savage, the assignor, did actually acknowledge the deed, and that he was personally known to him, having been acquainted with him for three years, and that he is the person who is mentioned in it. Savage, the assignor, testifies that he is the person who made the acknowledgment upon the deed of assignment. The fact of the acknowledgment being undisputed, under the provisions of the statute, in a proper action for that purpose, it is the duty of the court,

28—S. D.

when the certificate is defective, to reform it in accordance with the truth.

Having reviewed all the questions arising in the case, and finding no substantial error in the proceedings of the court below, its judgment is affirmed. All the judges concurring.