## BENNETT V. CHICAGO, MIL. & ST. P. RY. CO.

1. Where, in an action to recover for stock killed by a railway train, the
testimony as to the circumstances of the killing, on which the question
of defendant's negligence depended, was conflicting, the verdict of the
jury will not be disturbed.

2. A judgment will not be reversed because of the erroneous admission of
evidence, where it is not prejudicial to appellant.

(Opinion Filed April 7, 1896.)

Appeal from circuit court, Marshall county.   Hon. A. W.
CAMPBELL, Judge.

Action for damages.   Plaintiff had judgment, and defend-
ant appeals.   Affirmed.

The facts are stated in the opinion.

*H. R. Turner*, for appellant.

There can be no recovery, because the injury to the cow
was the result of the negligence of plaintiff in exposing the
cow to the hazard of going upon defendant's track, unattended
and as a trespasser.   Williams v. Ry. Co., 14 N. W. 97; Hanse
v. Ry. Co., 26 N. Y. 428; McDonnell v. Ry. Co., 115 Mass. 564;
Eames v. Ry. Co., 98 Mass. 560; Maynard v. R. R. Co., 115
Mass. 458; Munger v. R. R., 4 N. Y. 349; Nice v. R. R., 99
Ind. 152; Wilder v. R. R., 20 Am. Rep. 698; Chapin v. R. R.,
50 Am. Dec. 589; Waterson v. R. R., 4 Ohio St. 424.   In this
state a railroad company is not required to fence its right of
way.   Bostwick v. Ry. Co., (N. D.) 51 N. W. 781.   Where giv-
ing of signals would have been unavailing, failure to give

them. is not evidence of negligence. Flatters v. Ry. Co., 35 Iowa 191 and 449; Hebron v. Ry. Co., 57 N. W. 494; Phelps v. Ry. Co., 29 Ill. 447; see, also, 76 Ill. 192.

*James Wells,* for respondent.

HANEY, J. In this action plaintiff recovered judgment for a cow killed by one of defendant's engines. Defendant appeals. But two errors are assigned: (1) The introduction of improper evidence; (2) insufficiency of the evidence to sustain the verdict. At the trial plaintiff established the killing and rested. Defendant showed that its train was equipped with proper appliances, that it was in charge of competent employes and attempted to show that it was properly managed at the time of the accident. In rebuttal plaintiff sought to show that it was not properly managed, and that the accident might have been avoided by the exercise of proper care. The instructions are not before us. A general verdict was returned in favor of plaintiff. The animal was killed about three o'clock in the afternoon. The conductor testified that he did not see the cow. The engineer called for brakes. Were running about 25 miles an hour when signal for breaks was given in such manner as that he wanted them real bad. Was in mail department. Rushed out on platform, both brakemen were then at breaks. Then they got signal to release brakes, and passed place where cow was struck, but did not know they had struck her until they reached Britton. The engineer testified that he had been a locomotive engineer for defendant seven or eight years. They were running 25 miles an hour. He was on the watchout. Saw the cow come upon the track ahead of the engine. Knocked her off. He reversed the engine at the time he saw her coming on the track. She was about 15 rods away when he first saw her coming up the bank and coming upon the track. He was at that time at his station, on the lookout. Train did not stop. The cow came up the fill from the ditch on the track suddenly in front of the engine. He whistled for breaks first, then re-

versed engine, and then gave alarm for stock. Was 13 or 14 rods from cow when he reversed. When running at such rate of speed you come suddenly upon stock. It is duty of engineer in some cases, to put on steam, instead of reverse engine. When positively there is no chance of stock getting off, you do not reverse. If this cow had been standing on the track at the point where struck, he could have seen her for two miles. That day, at that point, running at 25 miles an hour, with all train men doing their best to·stop the train, that train could have been stopped at about a quarter of a mile from the time he called for brakes. The fireman testified that immediately prior to sounding call for brakes, the engineer was at his station, and on the lookout. Charles Bennett testified in rebuttal that he saw the cow standing on the track when the train was a mile and a half away, and she stood there until the train came up and knocked her off. Ed Thieman testified, in rebuttal, that he saw the cow on the track before he saw the train. Saw the cow on the track when he saw the train a mile and a half away. Could not tell whether she remained on the track until struck. When he saw her, she was eating grass between the ties.

Assuming, without deciding, that it was not the engineer's duty to keep a lookout for cattle—the view most favorable to appellant—it was unquestionably his duty to use all reasonable means to prevent striking the cow after he first saw her upon the track. He says if she was on the track he could have seen her when the train was two miles distant, and that the train could have been stopped in one-quarter of a mile after calling for brakes. He was at his station, and on the lookout. Two witnesses testify the animal was on the track when the train was a mile and a half distant; one that it remained there until struck by the engine. If the jury believed this testimony, they were entirely justified in concluding the engineer did not signal for brakes when he first saw the cow, as he must have seen her while running more than a mile; and they were warranted

in concluding there was ample time in which to stop the train, after the cow was first seen on the track, and before the accident happened.   They were at liberty to discredit his positive statement relative to calling for brakes when he first saw the cow on the track, if they believed other evidence in the case established the existence of circumstances inconsistent with, and which made improbable, such statement.   Lighthouse v. Railway Co., 3 S. D. 518, 54 N. W. 320.   Whether this animal was standing on the track when the train was more than a mile distant, and remained until struck, or came suddenly in front of the passing train, was a material and controling circumstance, concerning which the evidence was conflicting.   There was legal evidence which fairly warrants the verdict.   It should not be disturbed.   Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128; Baker v. Baker, 2 S. D. 261, 49 N. W. 1064; Cannon v. Deming, 3 S. D. 421, 53 N. W. 863; Brewing Co. v. Mielenz, 5 Dak. 136, 37 N. W. 728.

Frank Ferris, called by plaintiff in rebuttal, testified:  ''My age is 62 years.   I am a. farmer.   I ran a locomotive engine a little over 22 years.   It has been ten years since I ran an engine.''   The witness was then interrogated by plaintiff's counsel as follows:  ''Supposing a train was running at the rate of 25 miles an hour, an animal suddenly came upon the track in front of the engine, say 100 or 150 feet, and in the judgment of the eneineer he would inevitably strike it, what is the proper thing for the engineer to do, under the circumstances, for the safety of his passengers and the safety of his train?''   To which defendant objected, for the reason that it was incompetent, irrelevant and immaterial, and that witness is not shown competent to answer the same, and that the question is hypothetical, and there is no evidence on which to base such a question.   The objection being overruled, the witness answered as follows:  ''In cases of that kind, if they were too near to stop, he would increase his speed, and throw the stock from the track.   In trying to stop the train when the train is running

that fast you are more liable to knock the stock ahead on the track, and run over them, than you are to knock them clear of the track." Permitting this answer could not have prejudiced defendant, its engineer having given, without objection, substantially the same testimony. If there was error, it was harmless, and not reversible. The same witness was asked this question: "What is your experience as an engineer in regard to animals being scared from the track? Ordinarily, will not a proper use of the alarm whistle scare animals from the track, especially cattle?" To which the defendant objected as being irrelevant, incompetent and immaterial. The objection being overruled, the witness answered as follows: "More especially cattle run from the track. Horses or or mules are not so apt to leave the track as cattle." Twenty-two years' experience as a locomotive engineer certainly qualified this witness to testify concerning the ordinary effect of a stock alarm. It being disputed that any was given, the usual effect of such an alarm was was a proper matter for the jury to consider, in connection with all the evidence in determining what actually took place at the time of the accident. The effect of the answer, possibly more favorable to defendant than plaintiff, must have been slight, but its weight was for the jury, not the court. It was properly received. The judgment of the circuit court is affirmed.