PHILLIP BEST BREWING Co., Respondent, *v.* PILLSBURY &
HURLBUT ELEVATOR Co., Appellant.

1. Appeal—Review—Findings—Sufficiency of Evidence.
     A finding of the trial court upon conflicting testimony will not be
     disturbed, even when it is against the weight of evidence.

2. Chattel Mortgage — Conversion of the Property, What Con-
     stitutes.
     C., having executed to plaintiff a chattel mortgage on certain growing
     wheat, deposited it, (after harvest, and before the maturity of the mort-
     gage,) in the defendant's elevator, where it was mingled with other
     wheat belonging to various parties; C. receiving, according to custom,
     "warehouse" receipts therefor. These he afterwards sold. Upon their
     presentation defendant shipped out of the territory to their owner the
     amount of wheat called for by them. *Held,* the defendant was liable to
     the plaintiff, whose mortgage had been duly registered, for the value of
     the wheat.

(Argued February 9, 1887; affirmed February 16; opinion filed February
     15, 1888.)

Appeal from the district court of Grand Forks county; Hon.
W. B. McCONNELL, Judge.

*G. E. Cole, Bangs & Cochran,* and *Wilson, Ball & Wallin,* for
appellant.

The mortgage covers only such crops as were in existence at
the date of its execution, and does not purport to embrace crops
to be sown subsequent thereto.

The testimony shows that the property pretended to be mort-
gaged had no existence when the mortgage was made.

There was no agreement in the mortgage that the mortgagee
should have a lien upon crops to be sown or property to be ac-
quired subsequent to the execution of the mortgage.    An express
agreement was necessary in order to hold future acquisitions.
Jones, Chat. Mor. § 167; *Cressy* v. *Salsu,* 17 Hun, (N. Y.) 120;
*Montgomery* v. *Chase,* 14 N. W. Rep. 586; *Pennington* v. *Jones,*
10 N. W. Rep. 274.

The property having no existence when the mortgage was executed, it could not be situated in the county where the mortgage was made, and hence the filing did not operate as notice to good-faith purchasers.   C. C. §§ 1744, 1745; Jones, 157; *Jones* v. *Richardson,* 10 Met. 481.

The case of *Nichols* v. *Barnes,* (Dak.) 14 N. W. Rep. 110, is not in conflict with our position.   That was of existing property, viz., growing crops, and the only question was whether the description was sufficient to identify the grain.   The court held it was.

The plaintiff failed to show that the grain raised on this tract of land was delivered or sold to the defendant.

Nor is there a particle of testimony in the case tending to show that defendant issued the Cline tickets.

The defendant was, as to the plaintiff, a mere bailee, and before it had any notice of any claim or lien of the plaintiff, Cline having sold the wheat in store and delivered the wheat tickets to C. A. Pillsbury & Co., millers of Minneapolis, the defendant had duly delivered all the wheat in its possession to said Pillsbury & Co., the owners and bearers of said tickets, as it was lawfully bound to do; and there having been no demand while defendant was in a position to comply with it, the defendant has not been guilty of a conversion of the wheat, and cannot be held liable in this action.   Edwards, Bailments, §§ 40, 70; *Hazzard* v. *Able,* 15 Abb. Pr. (N. S.) 413; *Parker* v. *Lombard,* 100 Mass. 405; *Nelson* v. *Iverson,* 17 Ala. 210; 41 Tex. 10.

The plaintiff must recover on the strength of its own title. The mortgage debt did not mature until November 1, 1883.   See Jones, § 454; *Hathaway* v. *Brayman,* 42 N. Y. 322.

*W. L. Wilder* and *J. D. O'Brien,* for respondent.

The supreme court will not disturb the decision of the court below, where there is a conflict of evidence.   This is a rule that, as Mr. Hayne remarks in his work on New Trial and Appeal, on page 857, "has been announced more frequently than any other

rule of practice." See cases cited. *Kiler* v. *Tubbs*, 32 Cal. 332 ;. *Lick* v. *Matten*, 36 Cal. 213; *Wilson* v. *Fitch*, 41 Cal. 385 ; *Hill* v. *Smith*, 32 Cal. 167. The proof that the crop was sown on this land prior to the execution of the mortgage, and that the wheat mortgaged was sold to defendant, or went into its elevator, is ample.

They seek to escape liability under a theory that the law of bailment applies.

The finding of the court that the crop was sown and growing,. disposes of this, for the filing of the mortgage in the proper office was notice to the defendant. *Nichols* v. *Barnes*, (Dak.) 14 N. W. Rep. 110.

A mortgage of this character is good. *Butt* v. *Ellett*, 19 Wall. 544; *Pennock* v. *Coe*, 23 How. 117; *Dunham* v. *Railway Co.*, 1 Wall. 254; *Sillers* v. *Lester*, 48 Miss. 513; *Mitchell* v. *Winslow*, 2 Story, 644.

The case of *Hathaway* v. *Brayman*, 42 N. Y. 322, cited by counsel as sustaining the theory that there had been no default, because the mortgage debt was not due, and that therefore the sale by Cline, and the purchase by defendant, does not constitute conversion, proves, upon examination, to have passed off under the peculiar language of the chattel mortgage in question.

From a critical examination of the above and many authorities there cited, it seems that the rule is well settled that,. prior to forfeiture or breach of condition, the mortgagor has an interest in the mortgaged property which he may convey, without constituting conversion.

Applying this rule to the case at bar, it may be pertinent to inquire whether there was a breach of condition in the Cline mortgage when the wheat was sold to defendant.

An examination of the Cline mortgage will convince one that. at the instant of the deposit of the wheat in defendant's elevator there was a breach of condition, working a forfeiture,. and that defendant was then and there a conversioner of that. property.

Indeed, this is the law, as laid down by the Dakota decision, for the court holds that the mere fact of taking this wheat and mixing it with other wheat is a conversion, as to the mortgagee.

Defendant had put itself in a position where it would be utterly impossible to give to us the property mortgaged.

### REPLY.

In the case of *Nichols* v. *Barnes*, the defendant not only mingled the wheat with other wheat, but purchased and sold it, and it was these joint acts which constituted the conversion.

Here the defendant is a mere warehouseman or bailee, and had delivered the wheat to the person to whom the bailor had transferred the warehouse receipts before any demand was made on him for the wheat.

This is not a conversion; but it was the transfer of the tickets by Cline, and putting the money in his pocket, that constituted it. *Cushing* v. *Breed*, 14 Allen, 376; *Nelson* v. *Brown*, (Ia.) 5 N. W. Rep. 719, bottom paging; *Abbott* v. *Grantham*, 4 N. W. Rep. 1090.

THOMAS, J. This action was instituted in the district court of Grand Forks county by the respondent, a private corporation, against the appellant, also a private corporation, for the alleged conversion of a quantity of wheat of which the respondent claimed to be the owner, by reason of a chattel mortgage executed and delivered to it by one H. H. Cline, on the 1st day of May, 1883, the which was duly recorded in the office of the register of deeds of Grand Forks county, on the 28th day of May, 1883.

The mortgage was regular as to form, and purported to convey to respondent "all that crop of small grain, wheat, and oats, either or both, now growing on the north-west quarter of section thirty-two, township one hundred and fifty-two, and range fifty-one," and describing land owned by one Dr. Scott, and situated in said county.

The cause was tried by the court, a jury having been waived

by both parties in open court. The trial resulted in the rendition of judgment for the respondent for the sum of $792.21, with interest, costs, and disbursements.

In due time and manner appellant moved the court below for a new trial, based on a statement of the case containing exceptions and all the evidence. The motion was overruled, and the appellant brings the case here for review, and seeks to have the order denying a new trial set aside, and the judgment reversed, in support of which he assigns numerous errors, but chiefly relies on the following:

"*First.* The mortgage covers only such crops as were in existence at the date of its execution. That there was no proof that the wheat mentioned in said mortgage was sown or *in esse* at the date of the mortgage, and the court erred in so finding.

*Second.* That the court erred in finding 'that during the month of September, 1883, and between the 10th and 29th of said month, the defendant took, converted, and carried away all of said wheat, of the value aforesaid, and converted the same to its own use, and mixed the same in an indiscriminate mass of other wheat.'

*Third.* That appellant was a mere bailee, without notice, and delivered the wheat to the vendee of Cline, the bailor, as was its duty to do under the law."

The first objection raised by the appellant presents two points for our consideration; but as the first may be settled by a determination of the latter, we deem it necessary to consider the latter only. In this it is contended by counsel for appellant that there is no sufficient proof to warrant the court below in finding as a fact that the wheat was sown or growing at the date of the mortgage.

It is a well-established rule, and one more frequently announced than almost any other, that courts of last resort will not set aside or disturb a verdict of a jury, or a finding of a court when acting in the place of a jury, when it appears from the record that there was evidence on the point thus determined substantially tending to support it. In other words, the supreme court

will not disturb a finding of the court below where the testimony concerning it is conflicting, even when in the opinion of the court it is against the weight of the evidence. *Kile* v. *Tubbs,* 32 Cal. 332; *Lick* v. *Madden,* 36 Cal. 213; *Caulfield* v. *Bogle,* 2 Dak. 464. In the latter case the learned judge, in delivering the opinion of a unanimous court, says: "It may be, as claimed by the counsel for the appellant, that the finding of the court is contrary to the weight of testimony, but it cannot be denied that there was some evidence to sustain the findings. Of the credibility of this evidence the court below, acting as the jury, was the sole judge. To set aside his findings because we might have found the other way, had we occupied his place, would be to substitute our judgment for his upon a question of fact, which, as this court has uniformly held, we cannot do."

This is a clear and correct statement of the rule, and we, being satisfied from an examination of the testimony as contained in the record that there was some evidence which substantially tended to support the findings of the court below on this point, cannot therefore disturb it. This view renders it entirely unnecessary to discuss the first proposition embraced in this objection.

The findings of the court embraced in the second ground of objection is a question of mixed law and fact. As to the findings of fact as contained therein the objection is disposed of in like manner as the first, and for similar reasons; that is, there is sufficient evidence to sustain them. The question of conversion is one of law, depending upon certain facts, and a determination of this necessarily involves a consideration and discussion of the last and third objection herein, that the appellant was a mere bailee, without notice, etc. The proof shows, and it was so found by the court, that the appellant was the owner and keeper of an elevator at Ojata, a railroad station in the county of Grand Forks, in the neighborhood of where the mortgaged wheat was grown; that it was the custom of appellant to receive wheat into its elevator from any one who desired to deliver it; that on the receipt of wheat it was deposited in the

warehouse or elevator in such a manner as to become mixed with the mass of wheat belonging to appellant or other parties. The wheat in controversy was delivered and deposited in the warehouse of appellant by H. H. Cline, the mortgagor, and it thus became mixed by the appellant with a large mass of its own or other parties' wheat. Tickets or vouchers were issued by appellant to Cline, showing the quantity and quality of such wheat deposited by him. Cline, it seems, sold the vouchers to C. A. Pillsbury & Co., a firm of millers at Minneapolis, Minn. Appellant, upon the presentation of these tickets or "warehouse receipts" by said firm, shipped to them the quantity of wheat called for by these vouchers as aforesaid.

The mortgage on said wheat was not due at the time of the delivery to appellant by Cline, and it is therefore contended that it was no breach of the conditions of the mortgage, and therefore works no forfeiture.

The truth of this proposition depends upon the circumstances surrounding the transaction. If the transaction were a regular deposit by Cline, the mortgagor, appellant was a mere bailee, and it is not liable as such to respondent for the wheat, there being no breach of the conditions of the mortgage, and therefore no forfeiture, unless the appellant committed acts concerning said wheat that in law constitute a conversion. But if, as is shown by the proof and findings of the court in this case, the which we cannot disturb, the appellant, at the time or after it received the wheat, and with or without the consent of Cline, mixed it with an indiscriminate mass of other wheat of its own, thereby rendering it impossible of identification or reclamation by the respondent, and sold and shipped the same out of the country, it was not only such a breach of the terms of the mortgage that worked a forfeiture as to Cline, but was in law a conversion of the wheat by appellant to its own use; so far as the respondent is concerned. *Chase* v. *Washburn*, 1 Ohio St. 244; *Shepards* v. *Barnes*, (Dak.) 14 N. W. Rep. 110.

The appellant having converted the property in controversy by mixing and confusing it with his own, or that of others, and

having shipped it into a foreign state in this condition, there can be no doubt it is liable to respondent for the value thereof.

As said before, there are numerous other assignments of error set out by appellant in the record; but as they were not pressed on the attention of this court by counsel we have not deemed it necessary to notice them in detail, or to discuss them at length, but suffice it to say that after a careful examination of the entire record herein we find no errors that would warrant a reversal of the action of the district court in this cause. Hence the judgment is in all things affirmed.

All the justices concurring.