## ROOT et al. v. BINGHAM.

An application for new trial for insufficiency of evidence is addressed to the sound discretion of the trial court and a ruling thereon will not be reversed in absence of manifest abuse of discretion.

An accurate exhaustive definition of the phrase "abuse of discretion" would be difficult, each case being determined with reference to its own peculiar fact, and there are different kinds of discretion that may be exercised by the trial court, discretion in the sense of the exclusive right to decide as that court pleases which will not be reviewed by an appellate tribunal, and a discretion in the decision of what is just and proper under the circumstances, which will not be reviewed, unless there is an abuse of it.

"Abuse of discretion" in granting a new trial does not necessarily imply intentional wrong, but in such a case discretion is abused, when in its exercise a court exceeds the bounds of reason; all circumstances before it being considered.

Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Marshall County. Hon. J. H. McCoy, Judge.

Action by Currie Root and another against George Bingham. There was a verdict for plaintiffs; and they appeal from an order granting a new trial. Affirmed.

*Otto L. Kaas* and *Taubman, Williamson & Herreid,* for appelants. *Byron Abbott,* for respondent.

HANEY, J.  This is an appeal by the plaintiffs from an order granting a new trial.  Among the statutory grounds designated in the notice of intention was insufficiency of the evidence to justify the verdict.  The order does not specify the grounds upon which it was based.  It is well settled in this jurisdiction that an application for a new trial on the ground of insufficiency of the evidence is addressed to the sound discretion of the trial court, that the ruling thereon will not be reversed in absence of manifest abuse of discretion, and that a stronger showing will be required when the order grants than when it refuses a new trial.  Hodges v. Bierlein, 4 S. D. 258, 56 N. W. 811; Alt. v. Railway Co., 5 S. D. 20, 57 N. W. 1126; Grant v. Grant, 6 S. D. 147, 60 N. W. 743; Thomas v. Fullerton, 13 S. D. 199, 83 N. W. 45; Rochford v. Albaugh, 16 S. D., 628, 94 N. W. 701; Jones v. Jones, 17 S. D. 256, 96 N. W. 88; Clifford v. Latham, 19 S. D. 376, 103 N. W. 642.

Conceding the rule to be substantially as stated, appellants contend the record in this case discloses manifest abuse of discretion.  An accurate exhaustive definition of the phrase "abuse of discretion" would be difficult, if not impossible.  Each case must be determined with reference to its own peculiar facts.  There are different kinds of discretion that may be exercised by the trial court.  There is the discretion in the sense of the exclusive right to decide as that court pleases, which will not be reviewed by the appellate tribunal.  There is a discretion in the decision of what is just and proper under the circumstances.  The latter kind, the kind of discretion involved in the case at bar, will not be revised unless there is an abuse of it; that is, unless it appears that it was exercised on grounds or for reasons, clearly untenable, or to an extent clearly unreasonable.  That would be its abuse.  Murray v. Buell, 74 Wis. 14, 41 N. W. 1010.  Abuse of discretion in granting a new trial does not necessarily imply intentional wrong.  In such a case discretion is abused whenever in its exercise a court exceeds the bounds of reason; all circumstances before it being considered.  As said by the Supreme Court of Wisconsin in Murray v. Buell, supra:  "The term 'abuse of discretion' exercised in any case by the trial court, as used in the decisions of courts

and in the books, implying in common parlance a bad motive or wrong purpose, is not the most appropriate. It is really a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." The difference between an order granting and an order refusing a new trial is obvious. One leaves the litigation undetermined. The other concludes it. Hence the rule requiring a stronger showing to secure a reversal of the former. Indeed, the circumstances would be exceptional that would justify an appellate court in reversing an order granting a new trial on the ground of insufficiency of the evidence, where, as in this case, the larger part of it consists of oral testimony given in the presence of the trial judge. He is in a far better position than are the judges of this court to determine whether the ends of justice have been attained—whether the cause should be again tried. Should a trial judge arbitrarily make a second order granting a new trial against the same party on the ground stated, where there was any legal evidence to sustain the verdict a substantially different question would arise than the one presented by this appeal. Clearly, then, there was no abuse of discretion in this case. The action was instituted to recover for the alleged breach of a contract relating to the sale of lands listed by the plaintiffs with the defendant for that purpose.

The defenses were (1) an executed oral modification of the original contract with performance as modified; and (2) a complete accounting and settlement. In support of the second defense, if not of the first, defendant introduced abundant evidence. Though contradicted, it was of a substantial and satisfactory character. The cause had been only once tried. The evidence, to say the least, was conflicting, if it did not strongly preponderate in favor of the defendant. The learned trial judge was in position to observe the demeanor of the witnesses and numerous incidents of the trial impossible of reproduction in a printed record. He must be presumed to have acted with deliberate and enlightened judgment. There is nothing in the record which would justify this court in concluding that his discretion was exercised to an end or purpose not justified by sound reason and the evidence. It does not manifestly appear that his action was either arbitrary, or ex-

ceeded the bounds of reason, in view of all the circumstances as they may have appeared to him when the order was entered.

Therefore his decision should stand and the order appealed from be affirmed.

McCOY, J., taking no part in the decision.