## ROCK ISLAND PLOW CO. v. LINDQUIST.

The Supreme Court must assume that the court properly instruced as to the rights of the parties under a contract involved; the instructions not being in the record.

(Opinion filed, January 31, 1912.)

Appeal from Circuit Court, Roberts County. Hon. FRANK McNULTY, Judge.

Action by the Rock Island Plow Company against A. W. Lindquist. From an order granting a motion for a new trial after judgment for defendant, defendant appeals. Affirmed.

*J. J. Batterton,* for appelant. *J. W. Barrington, for respondent.*

SMITH, J. Appeal from the circuit court of Roberts county. Action on a promissory note against defendant as maker. Jury trial. Verdict and judgment for defendant. Motion for a new trial granted by the trial court, and from the order defendant appeals. The motion was based upon errors of law occurring at the trial, excepted to by plaintiff, and insufficiency of the evidence to justify the verdict. No question of error arises or can be considered on this appeal, save such errors as are alleged in the motion for a new trial.

In the view we take of this case, it is unnecessary to review the alleged errors occurring at the trial, for the reason that the order of the trial court must be affirmed upon the other ground specified in the motion. The order, omitting recitals, is: "After examining the grounds of error specified in the motion, and being fully advised in the premises, and it appearing to the satisfaction of the court that a new trial herein should be granted upon the grounds and for the reasons alleged in plaintiff's notice of intention to move for a new trial, it is ordered  *  *  * that a new trial be granted." In his answer, defendant admits the note in suit, but alleges that the same was executed and delivered without consideration, solely for the purpose of evidencing the terms and conditions of a certain contract of agency; second, that the note was paid before the commencement of the action. Defendant further alleges, by way of counterclaim, that the plaintiff has converted to its own use certain promissory notes of the value of $1,000, placed with plaintiff by defendant as collateral security for indebtedness theretofor paid. Defendant alleges as a second counterclaim that the consideration for the note in suit was certain farm machinery, a portion of which, amounting in value to $600, was returned to and accepted by plaintiff, and demands judgment against plaintiff in the sum of $1,100. The reply puts in issue

the facts alleged in the answer. Defendant was agent for the sale of farm machinery manufactured by plaintiff. The evidence introduced at the trial is somewhat complicated and quite voluminous, and covers numerous transactions in the ordering of farm machinery, the giving of promissory notes by defendant to plaintiff for machinery, the pledging of farmer's notes as security therefor, collections and payments upon these collateral notes, and credits upon defendant's notes, the renewal and exchange of collateral notes, and various settlements of accounts between plaintiff and defendant.

The evidence in the record is not of such character as to conclusively establish either of the defenses or counterclaims pleaded by defendant. It is suggested in appellant's brief that the verdict of the jury may have been founded upon a supposed wrong construction by the court of the agency contract, which might be decisive of defendant's absolute liability for the purchase price of goods ordered under the agency contract and his right to return such goods. Appellant's counsel says: "It is possible that the court may have taken that view of the matter, and we will assume, for the purpose of this argument, that the court did take such view of the contract." The construction placed by the trial court upon the agency contract is nowhere disclosed by the record. The views of the trial court as to the effect of the contract would ordinarily be shown by the instruction given the jury. But the instructions are not challenged by defendant; neither are they found in the record before us. We must assume, therefore, that the jury were properly instructed as to the rights of the parties under the agency contract, and appellant may not assume, as the basis of an argument for reversal, that the court was in error in its interpretation of the contract.

Defendant pleads a return to and acceptance by plaintiff's agent of goods of the value of $600 not credited. This evidence is disputed by plaintiff's witness. Plaintiff admitted receiving certain notes as collateral, and offered evidence tending to show that all sums collected therefrom were credited on defendant's indebtedness, and it is clearly shown that plaintiff had the right to

retain such notes until defendant's indebtedness was paid in full.

We are satisfied the trial court exercised a wise and just discretion in granting a new trial. The case falls clearly within the rule frequently announced by this court. Root v. Bingham, 26 S. D. 118, 128 N. W. 132, and numerous cases there cited.

The order of the trial court is affirmed.