SERLES, Appellant v. BRAUN et al., Respondents

(113 N.W.2d 216)

(File No. 9932. Opinion filed February 6, 1962)

**Lacey & Parliman,** Sioux Falls, **Stephens & Branden-burg,** Belle Fourche, for Plaintiff and Appellant.

**Whiting, Lynn, Freiberg & Shultz,** Rapid City, for Defendants and Respondents.

**Overpeck, Hamblin & Mueller,** Belle Fourche, for third party Defendant and Respondent.

ROBERTS, J.   This litigation arose out of a motor vehicle accident which occurred about 8:25 p.m. on July 12, 1958, on U. S. Highway 85 approximately twenty-two miles north of Belle Fourche.

Plaintiff alleges that he was a passenger in an automobile being driven in a careful and prudent manner; that defendant, Albert Nadvornick, had been operating a truck tractor and semi-trailer owned by defendant, Ernest Braun, in a northerly direction on such highway which became stalled partly on the east shoulder; that the driver of plaintiff's automobile proceeding southerly suddenly came upon the tractor and semi-trailer and a third automobile which

was passing or parked beside it in such manner as to completely obstruct the traveled portion of the highway; that the driver of plaintiff's automobile in an attempt to avoid colliding with the motor vehicles applied his brakes suddenly and with such force that the automobile skidded out of control and overturned; and that the accident was caused by the negligence of defendants in failing to comply with the mandate of a statute requiring the operator of a motor truck stopping upon the traveled portion of a public highway at night to place lighted flares at designated places on the highway. Before answering, defendants caused Delbert L. Verry, driver of the automobile proceeding ahead of the automobile in which plaintiff was a passenger, to be brought in as a third party defendant. At the conclusion of plaintiff's evidence and after dismissal of the action against defendant Braun, the court granted motions for directed verdict as to the two remaining defendants. Plaintiff has appealed.

Plaintiff urges the following grounds for reversal: First, that the evidence discloses that the negligence of defendant Nadvornick was the sole and proximate cause of the accident and that the verdict and judgment rendered should be set aside and, second, that the trial court erred in refusing to allow the driver of the automobile in which he was a passenger to testify whether or not he could have stopped without rolling over if there had been a flare at the top of the hill.

There is a slight upgrade in the highway where the accident occurred and the front of the standing truck was about 340 feet from the crest of the grade to the north. The truck transporting a load of concrete blocks was equipped with headlights and the usual lights on the top of the cab which was 7½ feet from the ground. The driver of the truck made no attempt to set out flares at the front and rear of the stalled truck to warn approaching traffic. Plaintiff and his sister, Mrs. John A. Jackson, were returning from Bison, South Dakota, to the home of the sister in Spearfish, South Dakota, in an automobile owned by Mrs. Jack-

son and driven by Darrell Linton at her request. The night was dark and cloudy and it had rained at times on the return trip. Plaintiff and the other occupants approached from the north at a speed of 40 to 50 miles per hour. The driver observing the lights of the standing truck and the taillights of an automobile ahead applied his brakes causing the automobile to skid and tip over. He described what he did as follows: "I applied the brake. I applied the brake and the car—the right front wheel seemed to grab or lock and spun the car clockwise off the road, and then it rolled over. Well, I would say I did have ample time if the brakes hadn't malfunctioned. This car was equipped with power brakes which are very sensitive, and the car that I drive does not have power brakes. So probably in that situation I probably pushed a little bit harder on the brake than I would normally on my car. However, I do not feel that I made any real panic stop that would justify—due to the situation." On cross-examination the witness testified:

"Q. Now, I believe you said that you couldn't tell when you came over the hill whether this truck was moving or standing still. A. That's correct.

"Q. So the fact is there wasn't anything unusual in the appearance of the tractor-trailer truck, was there? A. No; not the truck itself.

"Q. It was just on its side of the road and you couldn't tell whether it was standing still or coming toward you. A. No.

"Q. But on the other side of the road you did see some tail lights or brake lights. A. Yes.

"Q. And those appeared to be about opposite the truck, did they? A. Yes.

"Q. And I believe you testified it was because of these brake lights that you applied your brakes. A. That's correct.

"Q. And then the tractor-trailer being there on the side of the road likely had nothing to do with your putting on the brakes. A. No.

"Q. Now, I believe you said that, I think these were your words, that you probably pushed the brakes 'a little harder than I would have on my car, but I don't feel that I panicked'. Is that right? A. That's right. A person not used to driving another car and a different one altogether than what I drive normally would drive in a situation would probably push that type of brake. A power brake responds quicker and applies more pressure to the wheels than a regular standard braking system."

Plaintiff testified that approaching the scene of the accident he observed a "confusion of lights", but did not know what the driver did after he was apprized of the presence of a vehicle or vehicles ahead of him. An expert witness for plaintiff basing his opinion upon elevations appearing in drawings in evidence testified on cross-examination that the driver of an automobile at an eye level of 4½ feet above the highway surface approaching the standing truck from the north could have seen the cab lights which were 7½ feet above the highway when he was within 550 to 560 feet of the standing truck.

SDC 1960 Supp. 44.0354 provides: "Every operator of a motor truck * * * shall, immediately upon bringing his vehicle or vehicles to a stop upon the traveled portions of any public highway at any time after sunset and before sunrise, * * * place two flares, or electric lights or reflectors properly lighted, one at least one hundred feet in the front, and one at least one hundred feet to the rear of such vehicle or vehicles, which flares, electric lights or reflectors shall be of such type of construction as will furnish continuous light for a period from sunset to sunrise at all times of the year. * * *"

Defendant driver admittedly violated the provisions of this statute. This court has consistently held

that when the legislature enacts a safety statute it establishes a standard of care to be exercised and if the violation of the statutory duty is the proximate cause of an accident upon which an action is brought liability for injury results. Descombaz v. Klock, 58 S.D. 173, 235 N.W. 502; Dwyer v. Peters, 58 S.D 357, 236 N.W. 301; McCleod v. Tri-State Milling Co., 71 S.D. 362, 24 N.W.2d 485; Johnson v. Chicago Northwestern Ry. Co., 71 S.D. 132, 22 N.W.2d 725. Plaintiff had the burden of proving that the failure of defendant driver to place flares or other warnings on the highway to show the presence of a standing truck was the proximate cause of injury. Klein v. W. Hodgman & Sons, Inc., 77 S.D. 64, 85 N.W.2d 289.

It was held in Christensen v. Krueger, 66 S.D. 66, 278 N.W. 171, 173 that the parking of defendant's truck on the highway without flares was not the cause of plaintiff's injuries, since the driver of the  car in which plaintiff was riding saw the standing truck in time to stop, but attempted to pass it to its left and, although there was plenty of room in that direction, turned too short and collided with the truck. This court said: "It is necessary to show that negligence on the part of defendant was the proximate cause of the injury. Defendant may have been negligent in stopping his truck on the highway, and in failing to put out flares as required to do by law. Putting out flares is for the purpose only of warning approaching travelers of the obstacle on the road, but in this case Christensen saw the truck itself and knew of its presence on the road so that the flares, had they been there, would have served no useful purpose; nor did their absence in any manner contribute to the accident. Christensen could have stopped and avoided the accident, or he could have turned to the left and passed the truck without injury.  He chose to drive around to the left and it was only because of the negligent and careless manner in which he handled his car that the accident occurred."

See also Bruening v. Miller, 57 S.D. 58, 230 N.W. 754 and comprehensive annotation in 67 A.L.R.2d 12 dealing

with negligence in failing to place proper flares or lights in the vicinity of a stopped motor vehicle on a highway.

■ The evidence fails to show a causal connection between the absence of flares on the highway and the accident. The driver of the automobile in which plaintiff was riding testified that when he reached a point where he saw the cluster of lights on the top of the cab of the truck and the taillights of the Verry automobile ahead he applied his brakes; that the right front wheel seemed to "grab or lock"; and that he had ample time to stop when he applied the brakes if they "hadn't malfunctioned". Under the circumstances this accident would not have occurred if the driver of the automobile had not put on his brakes. There is no evidence tending to show that he could not have safely passed the truck which was standing on the right-hand shoulder of the highway. While the standing truck may have been an existing condition, it was not the contributing proximate cause of the accident.

■ The court did not err in refusing to allow the witness to express an opinion as to whether he as driver of the car in which plaintiff was riding could have stopped if there had been a flare at the top of the hill. There was no statutory or other requirement that a flare be placed at that point and no foundation was laid for receiving the opinion of this witness.

The judgment is affirmed.

All the Judges concur.