Wayne GOFF, Plaintiff and Appellant,

v.

Vic WANG and Bernard Bruch,
Defendants and Appellees.

No. 12710.

Supreme Court of South Dakota.

Argued Jan. 21, 1980.

Decided Sept. 24, 1980.

Thomas M. Maher of Maher & Gors, Pierré, Terry L. Pechota (on the brief), Sioux Falls, for plaintiff and appellant.

Edward Carpenter of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for appellee Wang.

Tom Fritz of Lynn, Jackson, Shultz & Lebrun, Rapid City, for appellee Bruch.

HENDERSON, Justice.

## ACTION

This is an appeal from a summary judgment in favor of appellees (Wang and Bruch) and against appellant (Goff) arising out of two alleged causes of action, negligence and trespass. We affirm.

## FACTS

Appellant claims damages for an injury sustained on June 9, 1975, when his horse fell on him while he was attempting to remove cattle from a pasture adjacent to, and part of, the McKee Nursing Home in Sturgis, South Dakota. Appellee Bruch was the owner of the cattle involved in the incident. Appellees Wang and Bruch had a written agreement whereby appellee Wang was to keep, feed, and water appellee Bruch's cattle. While hauling the cattle to appellee Bruch's pasture sometime prior to June 9, 1975, appellee Wang's truck broke down. Being unable to complete the hauling of the cattle, appellee Wang left the cattle at a pasture located adjacent to the McKee Nursing Home. It is not clear from the evidence whether appellee Wang had permission from the appropriate personnel at the McKee Nursing Home to leave the cattle in the pasture. The McKee Nursing Home is owned by appellee Wang's uncle, Roy McKee. Appellant contends that the cattle were in the pasture for two to three weeks. In any event, the administrator of the nursing home, Barbara Jones, eventually contacted appellant to remove the cattle.

On June 9, 1975, appellant arrived at the nursing home to remove the cattle pursuant to Ms. Jones' request. Neither one of the appellees was present at the McKee Nursing home on June 9, 1975. Neither appellee exercised any control or supervision over appellant while he was attempting to remove the cattle. Appellees were totally unaware of appellant's attempt to remove the cattle. While appellant was riding his

horse during the removal of the cattle, the horse fell and, as a consequence, appellant broke his leg. At all relevant times hereto appellee Bruch was in Canada. Appellant filed a complaint in the circuit court on June 2, 1978, alleging theories of negligence and trespass on the part of appellees. In response to a motion by appellees on August 10, 1978, the circuit court granted appellees summary judgment on December 22, 1978, based upon a failure by appellant to state a claim upon which relief may be granted. Appellant appeals from that judgment. In his brief before this Court, appellant did not argue that appellee Bruch was negligent. Also, in oral argument before this Court, appellant's lawyer conceded that Bruch was not liable under the theory of negligence.

### ISSUE '

Regarding both negligence and trespass counts, and under the facts and pleadings, was the circuit court correct in granting appellees' motion for summary judgment? We hold that it was.

### DECISION

We determine that appellant has abandoned his claim of liability against appellee Bruch on the theory of negligence.

It is an established principle of appellate review that a circuit court's rulings and decisions are presumed to be correct and this Court will not seek reasons to reverse. *Lytle v. Morgan*, 270 N.W.2d 359 (S.D. 1978); *Shaffer v. Honeywell, Inc.*, 249 N.W.2d 251 (S.D.1976). A motion for summary judgment is to be granted only where there is no genuine issue of material fact. *Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968). In reviewing an order for summary judgment, this Court must consider the evidence in a light most favorable to the non–moving party, that is, appellant. *Wilson, supra.*

Appellant claims his injury was the result of negligence on the part of appellee Wang. To create a prima facie case of negligence, the plaintiff must show that a duty of care was owed to the injured party by the defendant. *Fenton v. Ackerman*, 66 S.D. 465, 285 N.W. 516 (1939). Also, the plaintiff must show that the defendant breached that duty. *Waggoner v. Midwestern Development, Inc.*, 83 S.D. 57, 154 N.W.2d 803 (1967). In addition to this element of duty, the law requires that, to support a recovery in negligence, the defendant's act must have proximately caused the plaintiff's injury. *Schmeling v. Jorgensen*, 77 S.D. 8, 84 N.W.2d 558 (1957). The issues of whether the defendant owed a duty to the plaintiff and whether the defendant's conduct proximately caused the plaintiff's injury are, in effect, so interrelated that they are generally treated as one in the same. Prosser, Law of Torts, p. 244 et seq. (4th ed. 1971).

For legal proximate cause to exist, "the harm suffered must be found to be a foreseeable consequence of the act complained of. . . . [T]he negligent act must be a substantial factor in bringing about the harm." *Williams v. United States*, 450 F.Supp. 1040, 1046 (D.S.D.1978). In *Mulder v. Tague*, 85 S.D. 544, 549, 186 N.W.2d 884, 887 (1971), we stated: "The term 'proximate cause' contemplates an immediate cause which, in natural or probable sequence, produces the injury complained of (citations omitted). This excludes the idea of legal liability based on mere speculative possibilities or circumstances and conditions remotely connected to the events leading up to an injury." We further stated in *Mulder* that for proximate cause to exist "the defendant's conduct [must have] such an effect in producing the harm as to lead reasonable men to regard it as a cause" of the plaintiff's injury. *Id.* at 549, 186 N.W.2d at 887.

In granting appellees' motion for summary judgment, the circuit court determined that appellees' conduct did not proximately cause appellant's injury. Appellant has not factually supported his theory by his complaint, affidavit, or applicable case law, that appellee Wang negligently caused the injury to occur. Appellant would have us extend the scope of proximate causation to encompass an absolute liability on appellee Wang for allowing cattle to graze upon the land of another. This we refuse to do. It cannot be rationally maintained that a foreseeable and reasonable consequence of

allowing livestock to graze upon another's land would result in an individual falling from his horse while attempting to remove livestock. There is simply no evidence to establish that appellee Wang caused appellant to fall from his horse. Thus, we hold that the circuit court's summary judgment in favor of appellees was proper.

Appellant also maintains that appellees are liable for his injury under SDCL 40–28–4, which in essence, makes the owner or possessor of livestock liable for all damages resulting from trespass of the animals on the land of another individual. SDCL 40–28–20, however, provides: "The person claiming damages under the provisions of this chapter shall bring action in the proper court within three months after the infliction of such injury . . . ." The injury sustained by appellant occurred on June 9, 1975, and the complaint was filed with the circuit court on June 2, 1978. Appellant's cause of action under the aforementioned statutory theory of trespass is effectively barred by the applicable statute of limitations.

The judgment of the circuit court is affirmed.

All the Justices concur.