Anita LESLIE and Darwin Leslie, Plaintiffs and Appellants,

v.

CITY OF BONESTEEL, a Municipal Corporation, Defendant and Appellee.

No. 13135.

Supreme Court of South Dakota.

Argued Nov. 24, 1980.

March 18, 1981.

Rehearing Denied April 23, 1981.

J. M. Grossenburg of Day, Grossenburg & Whiting, Winner, for plaintiffs and appellants.

Donald E. Covey, Winner, for defendant and appellee.

HENDERSON, Justice.

## ACTION

Appellants (Anita and Darwin Leslie) appeal from a judgment of the trial court dismissing their complaint against appellee (City of Bonesteel, South Dakota). Appellants sought damages under two causes of action: negligence and nuisance. By agreement of the parties, the case was tried before the trial court sitting without a jury. We reverse and remand.

## FACTS .

At the time of the commencement of this action, appellants owned a home in Bonesteel, South Dakota. On August 28, 1978, sewer water accumulated in the basement of appellants' home. This accumulation came from the sewer openings in appellants' home which were connected to appellee's sewer system. Appellee constructed its sewer system in the early 1950s and has since operated and maintained the system. Appellee had also constructed a municipal swimming pool in 1957 and has since operated and maintained this pool. The only drainage system incorporated into the pool is connected to appellee's sewer system by means of two four-inch gate valves which converge into one four-inch line which, in turn, empties into the main line of the sewer system.

At approximately 8:00 a. m. on August 28, 1978, Robert Michael Schmitz, an employee of appellee, began draining the pool into appellee's sewer system by opening one of the four-inch valves by approximately one-third. Prior experience had taught Schmitz that an excess of water released from the pool would cause water to overflow from the manhole cover located just below the pool and above appellants' home. This manhole was the site of a 1977 flooding due to the draining of the pool. In 1976 the pool's draining process was accomplished by pumping the water onto a local football field by means of a fire truck. Prior to 1976, the pool had been drained through appellee's sewer system.

Upon arising between 7:00 a. m. and 8:00 a. m. on August 28, 1978, appellant Darwin Leslie noticed that the upstairs and downstairs toilets of his home were gurgling and not draining normally. Appellant Darwin Leslie returned to his home from a short business trip at noon on August 28, 1978, and noticed that the toilets were functioning in the same manner as they had that morning. He telephoned a member of the Bonesteel City Council and also left a message with the brother of Schmitz, notifying both individuals that the pool should not be drained any further until his basement could be watched. Appellant Darwin Leslie then left his home on another short business trip. Schmitz, upon being advised at approximately 1:00 p. m. on August 28, 1978, of the possibility of difficulty at appellants' home, inspected the involved portion of appellee's sewer system and observed some clogging at a manhole which was located above appellants' residence. Schmitz removed an accumulation of tree roots from this manhole and continued checking the flow of water throughout the draining process. However, the release rate of the water was not reduced. The pool was drained by noon on August 29, 1978. Appellants expe-

rienced an accumulation of sewer water in their basement sometime during the afternoon of August 28, 1978.

## ISSUE

Did the trial court err in not holding appellee liable for damages caused to appellants' home on a theory of actionable negligence? We hold that it did.

## DECISION

■ Initially, we note that this Court's "clearly erroneous" standard of review stated in SDCL 15–6–52(a) does not apply to trial testimony introduced by deposition. *Pearson v. Franklin Laboratories, Inc.*, 254 N.W.2d 133 (S.D.1977). Appellants and Schmitz personally testified at trial; all other individuals testified by deposition.

■ Appellee can unquestionably be held liable for the negligent maintenance of its sewer system. *Shipley v. City of Spearfish*, 89 S.D. 559, 235 N.W.2d 911 (1975); *Shann v. Rapid City*, 72 S.D. 418, 35 N.W.2d 399 (1948). The three necessary elements of actionable negligence are: (1) A duty on the part of the defendant; (2) a failure to perform that duty; and (3) an injury to the plaintiff resulting from such a failure. *Johnson v. Straight's, Inc.*, 288 N.W.2d 325 (S.D.1980). In addition, to support a recovery in negligence the defendant's act must have proximately caused the plaintiff's injury. *Schmeling v. Jorgensen*, 77 S.D. 8, 84 N.W.2d 558 (1957). As this Court stated in *Goff v. Wang*, 296 N.W.2d 729, 730 (S.D. 1980), "[t]he issues of whether the defendant owed a duty to the plaintiff and whether the defendant's conduct proximately caused the plaintiff's injury are, in effect, so interrelated that they are generally treated as one in the same."

■ For proximate cause to exist, "[t]he harm suffered must be found to be a foreseeable consequence of the act complained of.... [T]he negligent act must be a substantial factor in bringing about the harm." *Williams v. United States*, 450 F.Supp. 1040, 1046 (D.S.D.1978). In *Mulder v. Tague*, 85 S.D. 544, 549, 186 N.W.2d 884, 887 (1971) (citations omitted), this Court stated:

The term "proximate cause" contemplates an immediate cause which, in natural or probable sequence, produces the injury complained of. This excludes the idea of legal liability based on mere speculative possibilities or circumstances and conditions remotely connected to the events leading up to an injury.

This Court further stated in *Mulder* that for proximate cause to exist, "the defendant's conduct [must have] such an effect in producing the harm as to lead reasonable men to regard it as a cause" of the plaintiff's injury. 85 S.D. at 549, 186 N.W.2d at 887. Appellant has the burden of establishing that there is sufficient evidence for the fact finder "to reasonably conclude, without resort to speculation, that the preponderance favors liability. As such, [appellants are] not required to prove [their] case to a degree of absolute certainty." *Engberg v. Ford Motor Company*, 87 S.D. 196, 202, 205 N.W.2d 104, 107 (1973); *Parham v. Dell Rapids Township in Minnehaha County*, 80 S.D. 281, 122 N.W.2d 548 (1963).

At trial, Emmett Kotrba, an unlicensed civil engineer from Gregory, South Dakota, deposed on behalf of appellants that he believed that the draining of the pool contributed to the sewage back-up in appellants' home. When asked if it could be said that but for the draining of the pool this incident would not have occurred, Kotrba replied: "But for the draining of the swimming pool this probably would not have occurred. The possibility of this occurring was very remote. But for the amount of the water produced by the municipal swimming pool this probably would not have occurred." When asked to give his opinion as to the fact that the pool had been drained nearly every year through the sewer system without a similar sort of incident, Kotrba responded: "It indicates to me that in previous years they didn't have the exact right conditions of sewage, tree roots, everything coming together at one time." Kotrba further deposed that appellee's sewer system was not designed to handle the amount of water which was drained from the pool.

Bernie Schmucker, a civil engineer from Mitchell, South Dakota, deposed on behalf of appellee. Schmucker stated that the amount of water that would be let out of the swimming pool could not flood appellants' home without some kind of blockage.

The trial court concluded as a matter of law that:

The custom and usage of [appellee's] sewer system for draining [appellee's] swimming pool since 1957 without incident of injury, establishes a standard of due care for this practice. [Appellee] did not breach this standard of due care by draining its swimming pool into the sanitary sewer system on August 28, 1978, and thereby, defendant was not negligent in the conduct and operation of its sewer system on August 28, 1978, nor was its act of draining its swimming pool into the sewer system on August 28, 1978, negligent.

Additionally, the trial court concluded that the draining of appellee's swimming pool did not proximately cause sewage to back up into appellants' home.

The reasoning of the trial court appears to be premised on the theory that but for the presence of tree roots in the sewer pipes, the incident would not have occurred. This "but for" standard is erroneous in light of the substantial factor test stated in *Goff v. Wang*, supra; and *Williams v. United States*, supra.

If the defendant's conduct was a substantial factor in causing the plaintiff's injury, it follows that he will not be absolved from liability merely because other causes have contributed to the result, since such causes, innumerable, are always present.

Prosser, Law of Torts, p. 240 (4th ed.1971). When there is evidence of concurring or contributing causes, the trial court is required to apply the proximate causation standard expressed in South Dakota Pattern Jury Instructions, Vol. I, § 15.01:

When the expression "proximate cause" is used, it means that cause which is an immediate cause and which, in natural or probable sequence, produced the injury complained of. It is a cause without which the injury would not have been sustained. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

■ We believe the trial court erred in not holding appellee liable for appellants' damage. Appellee's act of draining the pool had "such an effect in producing the harm [to appellants] as to lead reasonable men to regard it as a cause[.]" *Mulder*, supra, 186 N.W.2d at 887. The draining of the swimming pool, even though in and of itself not the sole cause of the incident due to the presence of tree roots in the sewer system, was under the evidence a substantial factor in causing damage to appellants' home. This draining, combined with the presence of the tree roots, was a concurring cause of appellants' damage. Accordingly, appellee is liable due to a breach of duty owed unto appellants.

The dispositive nature of our holding renders appellants' other contentions moot.

Accordingly, we reverse and remand for the purpose of determining the amount of damages.

WOLLMAN, C.J., and DUNN and MORGAN, JJ., concur.

FOSHEIM, J., dissents.

FOSHEIM, Justice (dissenting).

If the facts in this case had been tried to a jury with proper instructions, a simple verdict for the defendant would very likely stand. By agreement, the case was tried to the court. Thus, a judge, instead of twelve jurors, decided the facts. That does not expand our license to re-evaluate the evidence.

Juries are instructed that it is their province to believe or not to believe—to accept or reject—the testimony of any witness and to give the testimony of each and every witness such weight as they (not this Court) deem appropriate. This includes expert witnesses. *See* S.D. Pattern Jury Instruction 2.12.

As the majority opinion notes, the "clearly erroneous" rule of SDCL 15–6–52(a) does not apply to testimony introduced by deposition. *Geo. A. Clark & Son, Inc. v. Nold*, 85 S.D. 468, 185 N.W.2d 677, *cert. denied*, 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971). In this case, however, there was substantial personal evidence received at the trial from Robert Schmitz and both appellants. The findings of the trial court seem to rest primarily on that testimony. On appeal, we must review all of the evidence, not only the deposition testimony. When so viewed, the "findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witness." SDCL 15–6–52(a).

The findings of the trial court are presumptively correct. *In re Daly's Estate*, 59 S.D. 403, 240 N.W. 342 (1932). It has been our rule since territorial days that a court of last resort will not set aside or disturb a verdict of a jury, or a finding of a court when acting in the place of a jury, when it appears from the record that there was evidence on the point determined substantially tending to support it. In other words, the Supreme Court will not disturb a finding of the trial court where the testimony concerning it is conflicting, even when in our opinion it is against the weight of the evidence. *Phillip Best Brewing Co. v. Pillsbury & Hurlbut Elevator Co.*, 5 Dak. 62, 37 N.W. 763 (1888). In my opinion, that rule should not now be diluted.