Linda MUSCH and Calvin Musch,
Plaintiffs and Appellants,

v.

H–D COOPERATIVE, INC., Defendant
and Appellee.

No. 17649.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1992.

Decided July 22, 1992.

Thomas Reeves, Hendricks, Minn., Brian Wojtalewicz of Wojtalewicz, Hohman & Schoep, Appleton, Minn., for plaintiffs and appellants.

Gordon Gunderson of Gunderson, Evenson & Boyd, Clear Lake, Charles Kennedy of Kennedy & Nervig, Wadena, Minn., for defendant and appellee.

MILLER, Chief Justice.

Linda and Calvin Musch appeal a judgment entered upon a jury's special verdict finding H–D Electric Cooperative, Inc. (Co-op) negligent, but also finding that said

negligence was not the proximate cause of Linda's injuries. We affirm.

## FACTS

This case was previously before this court wherein we reversed summary judgment in favor of Co-op. *Musch v. H–D Elec. Co-op, Inc.,* 460 N.W.2d 149 (S.D. 1990). Horseback rider (Linda) was injured on private property when she collided with an unmarked guy wire supporting Co-op's utility pole. Muschs brought this negligence action against Co-op. Linda sought compensation for her injuries and her husband, Calvin, brought a claim for loss of consortium. After this court reversed summary judgment for Co-op, the case was remanded for a jury trial. The jury returned a special verdict finding that Co-op was negligent in not replacing the guard, but that this negligence did not proximately cause Linda's injuries.

Muschs raise three issues on appeal: (1) was the trial court's instruction on proximate cause erroneous; (2) was the evidence sufficient to support the jury's finding of no proximate cause; and (3) whether the trial court erred in denying the motion for change of venue.

## I.

Whether the trial court's proximate cause instruction was erroneous.

Muschs contend that the jury was improperly instructed on proximate cause. The jury was given instruction # 23, which reads as follows:

When the expression "proximate cause" is used, it means that cause which is an immediate cause and which, in natural or probable sequence, produced the injury complained of. It is a cause without which the injury would not have been sustained. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

Furthermore, for proximate cause to exist, the harm suffered must be found to be a foreseeable consequence of the act complained of.

Muschs complain that the last paragraph of the instruction was improper and unduly prejudiced the jury. That paragraph is not part of the pattern jury instruction. *See* South Dakota Civil Pattern Jury Instruction 15.01. Muschs urge this court to accept their argument that "foreseeability does not belong in a jury instruction on proximate cause because proximate cause as a jury issue should simply be the fact issue of causation, and foreseeability is a different question."

■ Muschs claim that this court has never approved the concept of foreseeability being presented *to the jury* for its decision on the factual issue of causation. Muschs contend that South Dakota law requires the trial judge to determine "legal" proximate cause and the jury to determine "factual" proximate cause. While there may be an academic difference between legal cause and factual cause, the current law on proximate cause in South Dakota does not note the distinction.

Muschs contend that this court's rulings are consistent with the Restatement of Torts (Second) § 435, which states:

FORESEEABILITY OF HARM OR MANNER OF ITS OCCURRENCE

(1) If the actor's conduct is a substantial factor in bringing about harm to another, *the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable.*

(2) The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm. (Emphasis added.)

The Restatement precludes foreseeability as a requirement under its factual proximate cause test.

This court adopted the "substantial factor" test in *Mulder v. Tague,* 85 S.D. 544, 186 N.W.2d 884 (1971).

In considering whether negligent conduct is a substantial factor in producing harm to another the following considerations are important:

'(a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;

(b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;

(c) lapse of time.'

*Mulder,* 85 S.D. at 550, 186 N.W.2d at 887 (quoting Restatement (Second) of Torts § 433). The *Mulder* court held that the defendants' conduct could not reasonably be considered a *legal* cause of the plaintiff's damages because defendants' negligent actions were at the most "remote and insignificant causative factors." *Id.* At no time did the court mention "foreseeability."

In 1978, the federal district court addressed this question, wherein it stated:

[T]he harm suffered *must be found to be a foreseeable consequence of the act complained of.* This does not mean, of course, that the precise events which occurred could, themselves, have been foreseen as they actually occurred; only that the events were within the scope of the foreseeable risk.

'... it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, *and that it ought to have been foreseen* in the light of the attending circumstances.' (Emphasis added.)

*Williams v. United States,* 450 F.Supp. 1040, 1046 (D.S.D.1978) (quoting *Hicks v. United States,* 511 F.2d 407, 420 (D.C.Cir. 1975)) (citing *Milwaukee, ETC. Railway Co. v. Kellogg,* 94 U.S. 469, 24 L.Ed. 256 (1876); *Pielke v. Chicago, Minneapolis and St. Paul Railway Co.,* 5 Dak. 444, 41 N.W. 669 (1889)).

In 1981, this court embraced the concept of foreseeability as a requirement of proximate cause in *Leslie v. City of Bonesteel,*

303 N.W.2d 117 (S.D.1981). While that case was tried before the trial court without a jury, we reversed, finding the trial court had improperly used a "but for" standard to determine the proximate cause issue. We held that the trial court must apply the "substantial factor" test. In that case, we went on to state:

[T]o support a recovery in negligence the defendant's act must have proximately caused the plaintiff's injury. *Schmeling v. Jorgensen,* 77 S.D. 8, 84 N.W.2d 558 (1957). As this Court stated in *Goff v. Wang,* 296 N.W.2d 729, 730 (S.D.1980), '[t]he issues of whether defendant owed a duty to the plaintiff and whether the defendant's conduct proximately caused the plaintiff's injury are, in effect, so interrelated that they are generally treated as one in the same.'

*Leslie,* 303 N.W.2d at 119.

In *Martino v. Park Jefferson Racing Ass'n,* 315 N.W.2d 309 (S.D.1982), this court again addressed the issue of proximate cause under the circumstances where the trial court submitted the issue to the jury. A jockey was injured when the horse he was riding bolted from the race course and ran through a removable railing. On the day of the accident, the railing was not painted, which violated the South Dakota Racing Commission regulations (negligence per se). Jockey introduced evidence that, because the railing was not painted white (and horses only distinguish between black and white), the fence may have visually blended with the gray infield. This court affirmed the giving of a proximate cause instruction because there was substantial evidence upon which reasonable minds could differ regarding the proximate cause of the jockey's injuries. We further stated:

With regard to the proximate cause issue, this court has recognized that the mere violation of a statute is insufficient to support an action for damages. Rather, a plaintiff must show that the violation of a statutory duty was the proximate cause of his injury to support a recovery in negligence. *Serles v. Braun,* 79 S.D. 456, 113 N.W.2d 216 (1962); *Zeller v. Pikovsky,* 66 S.D. 71, 278 N.W. 174 (1938). In *Leslie v. City of Bonesteel,* 303 N.W.2d 117, 119 (S.D.

1981), we stated: 'For proximate cause to exist, "[t]he harm suffered must be found to be a foreseeable consequence of the act complained of. . . . [T]he negligent act must be a substantial factor in bringing about the harm." Williams v. United States, 450 F.Supp. 1040, 1046 (D.S.D.1978).' (Emphasis added.)

The term proximate cause is defined by this court as: "[A]n immediate cause which, in natural or probable sequence, produces the injury complained of. This excludes the idea of legal liability based on mere speculative possibilities or circumstances and conditions remotely connected to the events leading up to an injury." Mulder v. Tague, 85 S.D. 544, 549, 186 N.W.2d 884, 887 (1971) (citations omitted). See also Leslie v. City of Bonesteel, supra; Goff v. Wang, 296 N.W.2d 729 (S.D.1980). We further stated in Mulder that for proximate cause to exist "the defendant's conduct [must have] such an effect in producing the harm as to lead reasonable men to regard it as a cause" of the plaintiff's injury. Mulder v. Tague, 85 S.D. at 549, 186 N.W.2d at 887.

Martino, 315 N.W.2d at 314.

■ Admittedly, the current law in South Dakota on this issue may appear to be confusing. Existing South Dakota law on proximate cause would seem to permit either a substantial factor test or a foreseeability requirement. Our substantial factor test is not totally consistent with the Restatement of Torts (Second) approach which precludes the use of foreseeability in determining factual proximate cause. We prefer the foreseeability approach. Thus, the trial court instructed the jury consistent with legal precedent of this state and did not abuse its discretion by including the sentence on foreseeability. See, e.g., Leslie, supra; Martino, supra.

## II.

Whether the evidence was insufficient to support the verdict of no proximate cause.

Muschs argue that the evidence in this case was insufficient to uphold the jury's verdict that the Co-op's negligence was not the proximate cause of Linda's injuries.

The jury was properly instructed that Muschs had the burden of establishing by a preponderance of the evidence that Co-op's negligence proximately caused the Muschs' injuries. Muschs presented evidence that Linda was an experienced, careful horse rider. Her horse was trained to work with cattle and she had worked with the horse many times in the past without mishap. Muschs tried to convince the jury that the accident would not have occurred if a guard had been placed on the guy wire.

· However, evidence was also presented in this case which revealed that it was possible that Linda would have been injured whether or not a guard had been placed on the guy wire. The evidence reflected that the horse was trained to pursue a calf and if "given its head" it would do that instinctively. Linda testified that she gave the horse some slack in the rein and said to the horse "Let's go get him." The evidence reflected that Linda took off with her horse and the calf began darting in different directions. The horse followed the calf and when it darted under the guy wire the horse followed.

■ On appeal, in reviewing the sufficiency of the evidence to support a verdict, this court views the evidence and the inferences to be drawn therefrom in a light most favorable to the verdict. Sharkey v. Washington Nat. Ins. Co., 373 N.W.2d 421 (S.D.1985); Zee v. Assam, 336 N.W.2d 162 (S.D.1983); Ebert v. Fort Pierre Moose Lodge #1813, 312 N.W.2d 119 (S.D.1981); State By and Through Dept., Etc. v. Richey Motor, 296 N.W.2d 505 (S.D.1980). It is not the function of this court to weigh conflicting evidence or to pass upon the credibility of witnesses. Sharkey, supra; Arcon Const. v. South Dakota Dept. of Transp., 365 N.W.2d 866 (S.D.1985).

■ Muschs had the burden of proof. From this evidence, the jury could have reasonably drawn the conclusion that the lack of a guard on the guy wire was not the proximate cause of Linda's injury.

## III.

### Whether the trial court abused its discretion in denying Muschs' request for change of venue.

■ Finally, whether the circumstances warrant a change of venue is left to the discretion of the trial court. *Anderson v. Lale*, 88 S.D. 111, 216 N.W.2d 152 (1974). "In the absence of clear abuse of its discretion, this court will not interfere with a trial court's exercise thereof." *Id.* 216 N.W.2d at 154; *Root v. Bingham*, 26 S.D. 118, 128 N.W. 132 (1910). A careful examination of the record does not disclose anything which would indicate the trial court abused its discretion.

Affirmed.

SABERS and AMUNDSON, JJ., concur.

HENDERSON, J., concurs with writing.

WUEST, J., dissents.

HENDERSON, Justice (concurring).

Some 12 years ago, *Bonesteel* was birthed under the hand of this writer. Cited often since 1981, it has stood the test of time. Negligence is its subject.

Four lessons are to be learned therefrom. "Three necessary elements of actionable negligence are:

1. A duty on the part of defendant;
2. A failure to perform that duty;
3. And an injury to the plaintiff resulting from such a failure." *Bonesteel* at 119.

Approving of the language in *Mulder* (now 22 years on the books) and *Williams* (now 12 years old), in *Bonesteel* at 119, we certainly adopted the foreseeable consequence test, as reflected in *Williams* at 1040, 1046.

Muschs would have us adopt some composed thoughts, disregarding precedent, from a law review article, namely 17 S.D.Law Rev. No. 2 316, 317. A quote therefrom rings an academic bell:

The battle between the foreseeability faction and those following Smith was joined by the proponents of other theories. When the smoke clears, foreseeability may be the victor—but the others have not surrendered. (*Id.* at 317).

Perhaps they have not surrendered. But in South Dakota, they are flying at half mast. You can go back to the days of the Dakota Territory and see where South Dakota has treated foreseeability as part of proximate cause. Yes, more than a century ago. *See, Pielke v. Chicago, M. & Mt. P. Ry.*, 5 Dak.Rptr. 444, 41 N.W. 669 (1889).

Thus, we turn to lesson 4 in *Bonesteel:*
"4. For proximate cause to exist, the harm suffered must be found to be a foreseeable consequence of the act complained of; the negligent act must be a substantial factor in bringing about the harm."

I hazard the law, in South Dakota, is not muddled. We did not adopt the Restatement of Torts in *Bonesteel* and we do not adopt it now. Said Restatement is a type of secondary authority. We need only to apply our legal precept, developed by stare decisis, over a period of one century, to the fact situation before us. I do not suggest, for a moment, that this is a pure mechanical application.

Frankly, in my opinion, the substantial factor test is "out" and the foreseeability test is "in." And has been for a long time. *Bonesteel* simply reinforced it.

Here, 'twasn't the absence of a guard which caused the injury; it was the sudden darting and bolting of the calf and horse. Circumstances dictated no time nor space, which would have caused a guard to avert the accident. Justice has been served.

With the above thoughts in mind, I concur.

WUEST, Justice (dissenting).

I would reverse. Without further explanation the last sentence of the trial court's instruction on proximate cause was in error. The practical effect of this sentence was to inform the jury the defendant must have foreseen this particular act and injury to find the defendant's negligence was the proximate cause. The quote in the majority opinion from the federal district court

puts the foreseeability issue in its proper perspective when it said "... this does not mean, of course, that the precise events which occurred could, themselves have been foreseen as they actually occurred; only that the events were within the scope of the foreseeable risk." By approving the instruction on proximate cause given by the trial court, we are severely limiting future plaintiff's verdicts regardless of merit.